PETITION EXHIBIT  E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MOSCOW DYNAMO      *

       Petitioner      *

v.      *    CIVIL ACTION NO.

ALEXANDER M. OVECHKIN      *

       Respondent      *

\*　　\*　　\*　　\*　　　　\*　　\*　　\*　　\*　　\*　　\*

## AFFIDAVIT OF ALEXANDER BERKOVICH

I, ALEXANDER BERKOVICH, hereby affirm under penalties of perjury that the facts set forth in this affidavit are true and correct.

       1.      I am over eighteen years of age, have personal knowledge of the matters stated herein, and am otherwise competent to testify.

       2.      I am an attorney admitted to practice of law before the courts of the State of New York and United States District Court for the Southern District of New York. I am fluent in both Russian (having been born and raised in the former Soviet Union) and in English languages.

       3.      I have been providing assistance, and legal counsel, to Moscow Dynamo, in connection with the dispute between Moscow Dynamo and Alexander Ovechkin, which I understand to be the subject of the petition to which this affidavit is attached.

       4.      On October 20, 2005, in connection with that representation, I attended a hearing before the Arbitration Committee of the Russian Ice Hockey Federation, and the (Russian) Professional Hockey League ("Arbitration Committee"), in

Moscow, the Russian Federation.  I am familiar with the Statement of Claim by which

Moscow Dynamo initiated that hearing, and the Decision ("Award") of the Arbitration

Committee dated October 21, 2005.  During that hearing, I provided to the Arbitration

Committee copies of the correspondence dated October 7, 2005, and October 10, 2005,

referred to at pages 1-2 of the Award, by which Ovechkin and others were provided

notice of the arbitration proceeding.  I am attaching a copy of this correspondence to this

Affidavit as Exhibit A.

     5.    Among the persons present at the arbitration hearing on October

20, 2005, was Sergey Isakov, a sports agent who represents Alexander Ovechkin in

Russia.  Mr. Isakov appeared merely as an observer and was not representing Ovechkin

in the arbitration.

     6.    I am also attaching to this Affidavit, as Exhibit B, a copy of the

Rules of the Arbitration Committee (in Russian), and a certified English translation of

these Rules.  I can state, to my own knowledge, that these rules are issued by the

Arbitration Committee, and I understand that they are applicable to, and govern, the

proceedings before the Arbitration Committee.

Alexander Berkovich

Sworn to before me
this ___ day of November 2005

Notary Public

ARTHUR GREEBLER
Notary Public, State of New York
No. 01GR4713317
Qualified in Queens County
Commission Expires October 31, 2006

# BERKOVICH AFFIDAVIT

# EXHIBIT  A

MERITAS LAW FIRMS WORLDWIDE

ATTORNEYS AT LAW

# TYDINGS & ROSENBERG LLP

100 EAST PRATT STREET
26TH FLOOR
BALTIMORE MARYLAND 21202
410.752.9700
FAX 410.727.5460

www.tydingslaw.com

WILLIAM C. SAMMONS
410.752.9706
wsammons@tydingslaw.com

October 7, 2005

Alexander Ovechkin
c/o Washington Capitals
Market Square North
401 9th Street N.W.
Suite 750
Washington, DC  20004

RE:   *Moscow Dynamo v. Alexander Ovechkin*

Dear Mr. Ovechkin:

As you know from prior correspondence, I represent Moscow Dynamo in the matter of your contract with Moscow Dynamo, which obligates you to play for Moscow Dynamo for the 2005-2006 hockey season.

I am writing to notify you that Moscow Dynamo has now initiated an arbitration proceeding in Moscow, in accordance with the terms of your contract and the rules and regulations of the Russian Professional Hockey League ("PHL").

I am attaching a copy of the Moscow Dynamo's arbitration petition that was filed yesterday, in Moscow, with the Arbitration Committee of the PHL.  The Petition seeks a decision enjoining you from playing for the Washington Capitals.  I am also attaching a copy of the relevant arbitration rules.

I am advised that the arbitration hearing will held on October 20, 2005 at noon.  I assume that you will receive notice regarding the date, time, and place from the Arbitration Committee but, in the meantime, I want to make sure that you are aware of Moscow Dynamo's arbitration filing.

If you or your representatives have any questions about the process or Moscow Dynamo's position, please feel free to contact me.

ATTORNEYS AT LAW

TYDINGS & ROSENBERG LLP

Alexander Ovechkin
October 7, 2005
Page 2

For your convenience, I am attaching a Russian translation of this letter that I am advised is complete and accurate.

Sincerely yours,

William C. Sammons

WCS:gm

Attachments

cc:    Moscow Dynamo
       Don Meehan *(by facsimile w/o attachments - 905-275-4025; and by courier)*
       Dick Patrick, Washington Capitals *(By Hand)*
       William L. Daly, NHL *(by facsimile w/o attachments - 212-789-2020; and by courier)*
       Ted Saskin, NHLPA *(by facsimile w/o attachments - (416-313-2401 and by courier)*
       Russian Ice Hockey Federation
       Russian Professional Hockey League
       Rene Fasel, IIHF *(by facsimile w/o attachments - 011-411-562-2229)*
       Sergey Isakov *(by facsimile w/o attachments – 011-7095-786-8942 by courier)*

#487048v.1

7 Октября 2005 г.

Александру Овечкину

По поводу: Динамо против Овечкина

Уважаемый г-н Овечкин,

Как Вы знаете из наших предыдущих писем, Я являюсь юристом Московского Динамо в отношении дела Вашего контракта с Московским Динамо, который обязывает Вас играть за Московское Динамо в сезоне 2005-2006.

Я пишу Вам для того, чтобы уведомить Вас, что Динамо Москова возбудило против Вас арбитражное дело в Москве в Арбитражном Комитете ПХЛ.

Я прилагаю копию арбитражного заявления Динамо, которое было подано вчера Арбитражный Комитет ПХЛ. В заявлении Динамо требует вынесения решения запрещающего Вам играть за Вашингтон Капиталс. Я также прилагаю копию относящихся к делу арбитражных положений.

Мне стало известно, что слушание по делу произойдет в Москве 20 октября 2005 г. в 12:00 дня Московского времени. Я предполагаю, что Вы получите от Арбитражного Комитета уведомление о дате, времени и месте слушания дела, а пока я хочу убедиться, что Вы знаете об арбитражном заявлении Московского Динамо.

Если у Вас или Ваших представителей есть какие-либо вопросы по процедуре или позиции Московского Динамо, пожалуйста свяжитесь со мной.

Искренне Ваш,

ATTORNEYS AT LAW

# TYDINGS & ROSENBERG LLP

100 EAST PRATT STREET
26TH FLOOR
BALTIMORE MARYLAND 21202
410.752.9700
FAX 410.727.5460

www.tydingslaw.com

**WILLIAM C. SAMMONS**
410.752.9706
wsammons@tydingslaw.com

October 10, 2005

*By Facsimile - 202-266-2250*

Alexander Ovechkin
c/o Washington Capitals
Market Square North
401 9th Street N.W.
Suite 750
Washington, DC  20004

Re:    Moscow Dynamo v. Alexander Ovechkin

Dear Mr. Ovechkin:

As a follow-up to my recent letters to you, I am enclosing a copy of a document by which the Arbitration Committee of the Russian Professional Hockey League gives notice that your arbitration hearing will be held on October 20, 2005, in Moscow.  I am also attaching an English translation of the notice.  Although you may have received this or similar notice directly from the Arbitration Committee, my client has asked me to send this to ensure that you are aware of the schedule.

Sincerely yours,

William C. Sammons

WCS/gm
Enclosures
cc:    Dick Patrick, Washington Capitals *(by facsimile - 202-266-2250)*
       Don Meehan *(by facsimile - 905-275-4025)*
       William L. Daly, NHL *(by facsimile- 212-789-2020)*
       Ted Saskin, NHLPA *(by facsimile- 416-313-2401)*
       Rene Fasel, IIHF *(by facsimile - 011-411-562-2229)*
       Sergey Isakov *(by facsimile - 011-7095-786-8942)*

#487184v.1

Федерация хоккея России                        Профессиональная хоккейная лига

# АРБИТРАЖНЫЙ КОМИТЕТ

г. Москва                                               «10» октября 2005г.


**ХК «Динамо» г. Москва**
**Факс (007 095 2131304)**

**ХК «Вашингтон Кэпиталз»**
**Факс (1 202 2662250)**

**Г-ну Овечкину А.М.**
**Факс (1 202 2662250)**


Уведомляем Вас, что в связи с поступившим в адрес Арбитражного комитета ФХР и ПХЛ 6 октября 2005 года заявлением от ХК «Динамо» г. Москва возбуждено арбитражное дело против профессионального хоккеиста Овечкина А.М. Слушание дела состоится 20 октября 2005 года в 12 часов московского времени по адресу: г. Москва, Лужнецкая наб., д. 8, офис 235.


С уважением,

Секретарь Арбитражного комитета
ФХР и ПХЛ
Тел/факс (095) 725-47-39                                   М.А.  Лукина

РОО Хоккейный клуб
"ДИНАМО" Москва
Вх. № 264/02
« 10 . 10 . 2005г.

Russian Ice Hockey Federation                    Professional Hockey League

## ARBITRATION COMMITTEE

Moscow
October 10th, 2005


TO: HC Dynamo Moscow          VIA FAX (007 095 2131304)

Washington Capitals            VIA FAX (1 202 2662250)

Mr. Ovechkin A.                VIA FAX (1 202 2662250)



Herewith we inform you, that Arbitration Committee of RIHF and PHL received on the 6th of October 2005 claim from the Hockey Club Dinamo Moscow vs. Professional hockey player Alexsander Ovechkin. Hearing of the case will be on the 20th of October moscow time at Moscow, Luhznetskaya naberejnaya, 8, office 235.


Regards,
Secretary of the Arbitration Committee
Tel/fax (007 095 7254739)                    M.A. Lukina

# BERKOVICH AFFIDAVIT

# EXHIBIT  B

# ПОЛОЖЕНИЕ
## об Арбитражном комитете Федерации хоккея России и Профессиональной хоккейной лиги (АК ФХР и ПХЛ)

### 1. ОСНОВНЫЕ ПОЛОЖЕНИЯ

**Статья 1.    Об Арбитражном комитете ФХР и ПХЛ.**

Арбитражный комитет ФХР и ПХЛ (далее Арбитражный комитет) является совместным коллегиальным органом ФХР и ПХЛ.

В своей деятельности Арбитражный комитет строго руководствуется действующим российским законодательством, локальными нормативными актами и иными положениями официальных документов ИИХФ, ФХР, ПХЛ.

**Статья 2.    Задачи Арбитражного комитета.**

Задачами Арбитражного комитета являются правильное и своевременное рассмотрение и разрешение всех споров, возникающих в сфере российского хоккея, в том числе материального характера, за исключением споров, связанных с судейством и трактованием Правил игры в хоккей.

Арбитражное производство должно способствовать укреплению дисциплины и правопорядка в отношениях всех субъектов отечественного хоккея, формированию уважительного отношения к требованиям, установленным в хоккее его руководящими органами.

**Статья 3.    Право на обращение в Арбитражный комитет.**

Всякое заинтересованное лицо, функционирующее в сфере российского хоккея, вправе в порядке, установленном настоящим Положением, обратиться в Арбитражный комитет за защитой нарушенного или оспариваемого права.

**Статья 4.    Обязательность решений Арбитражного комитета.**

Вступившие в силу решения Арбитражного комитета являются обязательными для всех без исключения субъектов российского хоккея (игроков, тренеров, судей, юридических лиц – организаций, осуществляющих свою деятельность в сфере хоккея, а также должностных лиц ФХР, ПХЛ и клубов).

### 2. СОСТАВ АРБИТРАЖНОГО КОМИТЕТА

**Статья 5.    Численный состав.**

Арбитражный комитет состоит из шести человек. Председатель и Секретарь входят в установленное число членов комитета.

**Статья 6.    Назначение и утверждение членов комитета.**

Члены комитета в пропорции 1:1 предлагаются и утверждаются на заседаниях Исполкома ФХР и Совета Президентов ПХЛ. Председатель Арбитражного комитета назначается Президентом Федерации хоккея России.

### 3. ЗАСЕДАНИЯ АРБИТРАЖНОГО КОМИТЕТА

**Статья 7.    Порядок принятия решений.**

Заседание Арбитражного комитета правомочно, если на заседании присутствуют более половины членов комитета.

Решения принимаются большинством голосов и оформляются протоколом. При равенстве голосов голос Председателя является решающим.

При решении каждого вопроса никто из членов Арбитражного комитета не вправе воздерживаться от голосования. Председательствующий голосует последним. Член Арбитражного комитета, не согласный с решением большинства, может изложить в письменном виде особое мнение. Особое мнение приобщается к материалам дела, но в заседании не оглашается.

**Статья 8.    Отвод членов Арбитражного комитета.**

Лица, участвующие в рассмотрении заявления, вправе заявить отвод любому из членов Арбитражного комитета, если он лично, прямо или косвенно заинтересован в исходе дела либо имеются иные обстоятельства, вызывающие сомнение в его беспристрастности.

**Статья 9.        Порядок разрешения заявленного отвода.**

В случае заявления отвода Арбитражный комитет должен выслушать мнение лиц, участвующих в заседании, а также заслушать члена Арбитражного комитета, которому заявлен отвод, если отводимый желает дать объяснения.

Вопрос об отводе разрешается остальными членами Арбитражного комитета в отсутствие отводимого. При равном количестве голосов, поданных за отвод и против отвода, член Арбитражного комитета считается отведенным.

Отвод, заявленный нескольким членам Арбитражного комитета, разрешается Комитетом в полном составе простым большинством голосов.

В случае отвода более половины списочного состава Арбитражного комитета дело передается на рассмотрение в Спортивный Арбитражный Суд при АНО «Спортивная Арбитражная Палата», которая рассматривает его согласно процедурам Арбитражного суда.

**Статья 10.        Возбуждение производства по спору.**

Для рассмотрения спорного вопроса в Арбитражном комитете, субъектами хоккейной деятельности, представляются следующие документы:
– заявление в письменной форме;
– документы или заверенные копии документов, относящиеся к изложенному в заявлении делу;
– квитанция, подтверждающая оплату взноса за рассмотрение заявления        10 000 (Десять тысяч) рублей, который перечисляется на расчетный счет ПХЛ;
– *другие материалы, необходимые для рассмотрения конкретного заявления, перечень которых определяется Арбитражным комитетом для каждого конкретного спора и сообщается заявителю;*
– *контракты хоккеистов и конфиденциальные приложения к ним, не зарегистрированные в ПХЛ.*

**Статья 11.        Подготовка дела к Арбитражному разбирательству.**

В порядке подготовки дела к слушанию Секретарь Арбитражного комитета:
– извещает о времени и месте разбирательства дела заинтересованные стороны;
– направляет либо вручает противной стороне копию заявления;
– в случае требования одной из сторон назначает соответствующую экспертизу с отнесением затрат на ее проведение на сторону инициатора экспертизы;
– предлагает противной стороне представить в установленный срок письменные объяснения или возражения на поданное заявление либо представить доказательства в обоснование своих возражений.

Непредставление стороной письменных объяснений и доказательств в случае неявки на арбитражное заседание не препятствует рассмотрению дела по имеющимся материалам.

При постановке вопроса заявителем о компенсации, заявление должно в обязательном порядке содержать расчет компенсации. Арбитражный комитет в своем решении вправе мотивированно уменьшить или увеличить размер компенсации.

**Статья 12.        Выездное заседание.**

В исключительных случаях, ввиду невозможности прибытия на заседание Арбитражного комитета заинтересованных сторон, может проводиться выездное заседание Арбитражного комитета. Расходы по командированию членов Арбитражного комитета несет заявитель.

## 4. ПРОИЗВОДСТВО В АРБИТРАЖНОМ КОМИТЕТЕ

**Статья 13.        Подготовка дела к разбирательству.**

При приеме заявления Арбитражный комитет отмечает на заявлении время его подачи.

При поступлении заявления Арбитражный комитет должен определить, содержит ли оно достаточно информации, требующейся для определения сути спора. В противном случае у заявителя запрашивается дополнительная информация. Если заявление не позволяет установить, о каком споре идет речь, то оно отклоняется.

Если заявление удовлетворяет всем требованиям, дело к слушанию назначается не позднее 10 дней.

Заявление и все письменные материалы (их копии), относящиеся к спору, должны быть доступны всем сторонам, участвующим в деле, и членам Арбитражного комитета для ознакомления до начала слушания дела.

**Статья 14.        Начало рассмотрения дела по существу.**

Рассмотрение заявления по существу начинается докладом дела Председательствующим

Association of Translators and Interpreters of Ontario
Certified Translator
atio
Mark Vaintroub
2653

Затем Председательствующий спрашивает, поддерживает ли заявитель свои требования, признает ли ответчик требования заявителя, и не желают ли стороны закончить дело мировым соглашением.

**Статья 15.    Объяснения лиц, участвующих в деле.**

После доклада дела Арбитражный комитет заслушивает объяснения заявителя и участвующего на его стороне третьего лица, ответчика и участвующего на его стороне третьего лица, а затем других лиц, участвующих в деле.

Лица, участвующие в деле, вправе задавать друг другу вопросы. Члены Арбитражного комитета вправе задавать вопросы лицам, участвующим в деле, в любой момент их выступлений.

Письменное объяснения лиц, участвующих в деле, а также объяснения, полученные Арбитражным комитетом по собственной инициативе, оглашаются Председательствующим.

**Статья 16.    Опрос свидетелей.**

Каждый свидетель опрашивается отдельно. Свидетели, еще не опрошенные в заседании, не могут находиться в зале, где происходит слушание дела.

**Статья 17.    Исследование письменных доказательств.**

Письменные доказательства оглашаются в заседании и предъявляются лицам, участвующим в деле, представителям, а в необходимых случаях – экспертам, специалистам и свидетелям. После этого лица, участвующие в деле, могут дать объяснения.

**Статья 18.    Отложение разбирательства дела.**

Отложение разбирательства дела допускается, если Арбитражный комитет сочтет невозможным рассмотрение дела в данном заседании вследствие неявки кого-либо из лиц, участвующих в деле, представителей, свидетелей, экспертов, специалистов, предъявления встречного заявления, необходимости истребования новых доказательств и т.п.

**Статья 19.    Решение по заявлению.**

Постановление Арбитражного комитета выносится в форме решения, которое должно быть законным и обоснованным.

Удалив из помещения всех лиц, затронутых спором, Арбитражный комитет принимает решение о том, какие обстоятельства, имеющие значение для данного дела, установлены.

Установив обстоятельства, Арбитражный комитет принимает решение о наличии факта нарушения и природе нарушения. После того, как решение Арбитражного комитета по установленным обстоятельствам и примененным правилам принято и записано, приглашают лиц, участвующих в деле, и им зачитывают установленные факты, решение и его обоснование.

Взнос за рассмотрение заявления 10 000 (Десять тысяч) рублей может быть по решению Арбитражного комитета взыскан с виновной стороны в споре.

Каждая сторона, участвующая в споре, имеет право получить копию решения, подписанную председателем Арбитражного комитета. Оригинал решения должен находиться в материалах Арбитражного комитета.

**Статья 20.    Обжалование решения Арбитражного комитета.**

Жалобы на решения Арбитражного комитета могут быть поданы в течение семи дней после вынесения решения в окончательной форме и рассматриваются в Спортивном Арбитражном Суде при Автономной некоммерческой организации «Спортивная Арбитражная Палата» в соответствии с Положением о Спортивном Арбитражном Суде.

**Статья 21.    Вступление решения в законную силу.**

Решение Арбитражного комитета по истечении срока на обжалование вступает в законную силу, если оно не было обжаловано в установленном порядке в Спортивном Арбитражном Суде при Автономной некоммерческой организации «Спортивная Арбитражная Палата».

В случае подачи жалобы решение Арбитражного комитета, если оно не отменено, вступает в законную силу после рассмотрения дела в Спортивном Арбитражном Суде при Автономной некоммерческой организации «Спортивная Арбитражная Палата».

**Статья 22.    Право Арбитражного комитета обратить решение к немедленному исполнению.**

Арбитражный комитет может обратить к немедленному исполнению полностью или в части решение, если, в следствие особых обстоятельств, замедление в исполнении решения может привести к значительному ущербу для взыскателя или само исполнение может оказаться невозможным.

**Статья 23.    Исполнение решения и ответственность за неисполнение.**

На исполнение решения Арбитражного комитета отводится 10 дней. В случае неисполнения решения в течение этого срока виновное лицо или клуб обязаны произвести оплату единовременного взноса в ПХЛ в размере 20 000 (Двадцать тысяч) рублей, который должен быть уплачен в течение пяти банковских дней. В случае невыполнения и этого решения виновное лицо или клуб обязаны произвести оплату дополнительного взноса в ПХЛ в размере 40000 (Сорок тысяч) рублей. Одновременно, Арбитражным комитетом заявляется  ходатайство на ближайшее заседание Совета Президентов ПХЛ об отстранении клуба от участия в официальных российских соревнованиях по хоккею и других мерах воздействия.

За оскорбление любого члена Арбитражного комитета при исполнении своих обязанностей виновное лицо обязано произвести оплату единовременного взноса на расчетный счет ПХЛ в размере 20 000 (Двадцать тысяч) рублей, который должен быть уплачен в течение пяти банковских  дней.



# ПОЛОЖЕНИЕ
## о Спортивном Арбитражном Суде при
## Автономной некоммерческой организации
## «Спортивная Арбитражная Палата»

**Статья 1.**

1. Спортивный Арбитражный Суд при Автономной некоммерческой организации «Спортивная Арбитражная Палата» (далее – Спортивный Арбитражный Суд) является самостоятельным, постоянно действующим третейским судом, рассматривающим посредством третейского разбирательства споры, возникающие в сфере физической культуры и спорта.

2. Настоящий Спортивный Арбитражный Суд создан решением Автономной некоммерческой организации «Спортивная Арбитражная Палата» от 10 июня 2003 г. и действует в соответствии с действующим законодательством, в частности, Федеральным Законом «О третейских судах в Российской Федерации».

**Статья 2.**

1. Спортивный Арбитражный Суд, состоящий из независимых третейских судей (далее – Арбитров), осуществляет урегулирование споров, возникающих в сфере физической культуры и спорта, путём рассмотрения и разрешения дел судебными составами из одного или трёх Арбитров.

2. В спортивный Арбитражный Суд по соглашению сторон могут передаваться споры, возникающие при осуществлении физическими и юридическими лицами деятельности в области физической культуры и спорта, в том числе споры, вытекающие из Уставов, Правил, Регламентов и иных документов физкультурно-спортивных организаций, регулирующих правила проведения чемпионатов, первенств и иных соревнований на территории Российской Федерации, споры, связанные с определением статуса и порядком переходов спортсменов (игроков), споры, связанные с применением спортсменами запрещённых веществ и препаратов (допинга), а также любые иные споры, возникающие в области физической культуры и спорта.

3. Третейское разбирательство призвано обеспечить:

• защиту охраняемых законом прав и интересов субъектов спортивной деятельности;

• быстроту и экономичность процедуры решения спора;

• квалифицированное рассмотрение спортивных споров специалистами, обладающими опытом разрешения споров в области спорта и необходимыми правовыми знаниями;

• вынесение решений, принятых не только в соответствии с действующим законодательством, но и на основе общих начал справедливости, здравого смысла, практики и обычаев, сложившихся в области спорта;

• изучение и обобщение международной и отечественной юридической практики в области спорта и выработку рекомендаций по регулированию правовых вопросов, связанных со спортивной деятельностью.

**Статья 3.**

Для целей настоящего Положения под физическими лицами, осуществляющими деятельность в области спорта, понимаются спортсмены-любители, спортсмены высокого класса, спортсмены-профессионалы, тренеры, специалисты, а также иные работники физкультурно-спортивных организаций.

Под юридическими лицами, осуществляющими деятельность в области спорта, понимаются физкультурно-спортивные организации любых организационно-правовых форм и форм собственности, а также все иные организации, осуществляющие деятельность в области спорта, указанные в нормативно-правовых актах РФ, актах международного олимпийского и спортивного движения.

**Статья 4.**

1. Спортивный Арбитражный Суд принимает к рассмотрению спор между сторонами только при наличии третейского соглашения о передаче спора на рассмотрение Спортивного Арбитражного Суда.

2. Соглашение сторон о передаче спора на разрешение Спортивного Арбитражного Суда может касаться конкретного спора, определённых категорий или всех без исключения споров, которые возникли или могут возникнуть между сторонами.

3. Третейское соглашение должно быть заключено в письменной форме путём составления отдельного соглашения либо включения в договор или иной документ, подписанный сторонами, а также путём обмена письмами, сообщениями по телеграфу, телетайпу, иным средствам электронной или иной связи, обеспечивающим фиксацию такого соглашения.

4. Третейское соглашение о передаче спора в Спортивный Арбитражный Суд может содержаться в организационных документах (Уставах, Регламентах, Правилах проведения соревнований и т.д.) физкультурно-спортивных организаций, на которые имеется ссылка в договорах или иных документах или иных документах сторон третейского разбирательства.

5. Третейское соглашение о разрешении спора по договору, условия которого определены одной из сторон в формулярах или иных стандартных формах и могли быть приняты другой стороной не иначе как путём присоединения к предложенному договору в целом, действительно, если такое соглашение заключено после возникновения оснований для предъявления иска.

6. Соглашение о передаче спора в Спортивный Арбитражный Суд действительно и в том случае, когда Спортивный Арбитражный Суд признает сам договор недействительным в ходе третейского разбирательства.

7. Стороны, заключившие третейское соглашение, не вправе отказаться от него в одностороннем порядке.

**Статья 5.**

1. Местонахождением Спортивного Арбитражного Суда и местом проведения слушаний является г. Москва.

2. Состав Спортивного Арбитражного Суда по конкретному спору по просьбе одной из сторон либо по своей инициативе вправе проводить слушания в другом вне г. Москвы месте на территории Российской Федерации или за рубежом, если это требуют обстоятельства дела или это будет способствовать более скорому, эффективному и квалифицированному, а также менее затратному для сторон рассмотрению спора. Дополнительные расходы по проведению слушания дела вне г. Москвы возлагаются на стороны.

**Статья 6.**

1. Рассмотрение споров в Спортивном Арбитражном Суде осуществляется на основе принципов диспозитивности и состоятельности сторон, каждой стороне предоставляются равные возможности для изложения своих требований и защиты своих прав.

2. Арбитры Спортивного Арбитражного Суда независимы и беспристрастны при исполнении своих обязанностей, Арбитр подлежит отводу в случае, если он прямо или косвенно заинтересован в исходе дела.

3. Третейское разбирательство ведётся на русском языке. Если сторона не владеет языком, на котором проходит третейское разбирательство, Спортивный Арбитражный Суд по ходатайству стороны и за её счёт обеспечивает её услугами переводчика. Если какой-либо документ составлен на ином языке, нежели язык третейского разбирательства, и перевод этого документа не представлен стороной, подающей документ, Спортивный Арбитражный Суд может обязать эту сторону представить соответствующий перевод.

4. Третейское разбирательство происходит в закрытом судебном заседании, если стороны третейского разбирательства не договорились об ином. С разрешения Спортивного Арбитражного Суда и при согласии на то сторон на закрытом судебном заседании могут присутствовать лица, не участвующие в деле. Опубликование полного текста решения Третейского суда в печати или Интернете допускается с письменного согласия сторон третейского разбирательства.

**Статья 7.**

1. Арбитрами Спортивного Арбитражного Суда могут быть физические лица, обладающие необходимыми знаниями для разрешения споров, отнесённых к компетенции Спортивного Арбитражного Суда и включённые в Список Арбитров Спортивного Арбитражного Суда.

2. Арбитры Спортивного Арбитражного Суда независимы и беспристрастны при исполнении своих обязанностей. В случае, если имеются основания, вызывающие сомнения в независимости и беспристрастности Арбитра, он подлежит отводу.

3. Арбитр Спортивного Арбитражного Суда, рассматривающий спор единолично, должен иметь высшее юридическое образование. В случае, если спор подлежит рассмотрению коллегиальным составом суда, высшее юридическое образование должен иметь председатель состава Спортивного Арбитражного Суда.

Дополнительные требования, предъявляемые к квалификации Арбитра Спортивного Арбитражного Суда.
4. Список Арбитров Спортивного Арбитражного Суда утверждается решением Президиума АНО «Спортивная Арбитражная Палата».
5. Спорящие стороны могут избрать Арбитра для разрешения спора только из числа лиц, включённых в Список Арбитров Арбитражного Суда.

**Статья 8.**
1. По общему правилу Спортивный Арбитражный Суд рассматривает споры в составе трёх Арбитров, если стороны не договорились о том, что дело рассматривается единоличным Арбитром.
2. В случае, если стороны договорились о том, что дело рассматривается единоличным Арбитром, он назначается Председателем Президиума АНО «Спортивная Арбитражная Палата», Президентом Суда или Президиумом АНО «Спортивная Арбитражная Палата».
3. Председатель Президиума АНО «Спортивная Арбитражная Палата», Президент Суда или Президиум АНО «Спортивная Арбитражная Палата» вправе установить единоличный порядок рассмотрения дела Судом в случае, если характер, объём и сложность возникшего спора не требуют коллегиального рассмотрения дела. В этом случае он назначает Арбитра, рассматривающего данный спор единолично.

**Статья 9.**
1. В случае если по соглашению сторон или по решению Председателя Президиума АНО «Спортивная Арбитражная Палата», Президента Спортивного Арбитражного Суда либо Президиума АНО «Спортивная Арбитражная Палата» спор подлежит рассмотрению Арбитром единолично. Арбитр для единоличного рассмотрения спора назначается Председателем Президиума АНО «Спортивная Арбитражная Палата», Президентом Спортивного Арбитражного Суда либо Президиумом АНО «Спортивная Арбитражная Палата».
2. В случае, если спор подлежит рассмотрению Спортивным Арбитражным Судом в составе трёх Арбитров, каждая сторона избирает одного Арбитра, а Председатель судебного состава назначается Председателем Президиума АНО «Спортивная Арбитражная Палата», Президентом Спортивного Арбитражного Суда либо Президиумом АНО «Спортивная Арбитражная Палата».

**Статья 10.**
1. Решение Спортивного Арбитражного Суда обязательно для сторон третейского разбирательства. Стороны, заключившие третейское соглашение, принимают на себя обязательство добровольно исполнять решение Спортивного Арбитражного Суда.

2. Принудительное исполнение решения Спортивного Арбитражного Суда осуществляется в соответствии с порядком, установленном гражданским процессуальным либо арбитражным процессуальным законодательством, а также законодательством РФ об исполнительном производстве.
3. Стороны третейского разбирательства в соответствии с действующим законодательством при заключении третейского соглашения вправе предусмотреть, что решение Спортивного Арбитражного Суда является окончательным и обжалованию в компетентный государственный суд не подлежит. При отсутствии такого условия стороны вправе в установленном порядке обжаловать решение Спортивного Арбитражного Суда.

**Статья 11.**
1. Президент и Вице-президенты Спортивного Арбитражного Суда назначаются сроком на четыре года решением Президиума АНО «Спортивная Арбитражная Палата» из числа лиц, включенных в Список Арбитров Спортивного Арбитражного Суда.
2. Организация делопроизводства в Спортивном Арбитражном Суде возлагается на Секретариат, возглавляемый Генеральным Секретарём Спортивного Арбитражного Суда, который назначается решением Президиума АНО «Спортивная Арбитражная Палата».
3. Председатель Президиума АНО «Спортивная Арбитражная Палата», Президент и Вице-президенты Спортивного Арбитражного Суда и Генеральный Секретарь Спортивного Арбитражного Суда образуют Президиум Спортивного Арбитражного Суда.

Association of Translators and Interpreters of Ontario
Certified Translator
atio
Mark Vaintroub
2653

Президиум Спортивного Арбитражного Суда рассматривает все вопросы, связанные с деятельностью Спортивного Арбитражного Суда.

**Статья 12.**
1. Порядок рассмотрения дел и решения дел в Спортивном Арбитражном Суде определяется Регламентом Спортивного Арбитражного Суда, который утверждается решением Президиума АНО «Спортивная Арбитражная Палата».
2. Порядок исчисления и распределения третейских сборов и расходов устанавливается Положением о третейских сборах и расходах, которое утверждается решением Президиумом АНО «Спортивная Арбитражная Палата».

## РЕГЛАМЕНТ
## СПОРТИВНОГО АРБИТРАЖНОГО СУДА

**при Автономной некоммерческой организации
«Спортивная Арбитражная Палата»
Утвержден Автономной некоммерческой организацией
«Спортивная Арбитражная Палата» 10 июня 2003 г.
и введен в действие с 01 июля 2003 г.**

### 1.  ОБЩИЕ ПОЛОЖЕНИЯ

**Статья 1.   Определение порядка и правил третейского разбирательства.**
1. Спортивный Арбитражный Суд при Автономной некоммерческой организации «Спортивная Арбитражная Палата» (далее Суд) является самостоятельным постоянно действующим третейским судом, рассматривающим посредством третейского разбирательства споры, возникающие в сфере физической культуры и спорта.
2. Настоящий Суд создан решением Автономной некоммерческой организации «Спортивная Арбитражная Палата» от 10 июня 2003 г. и действует в соответствии с действующим законодательством, в частности, Федеральным Законом «О третейских судах в Российской Федерации», а также в соответствии с настоящим Регламентом.
3. Порядок организации и деятельности Суда, правила третейского разбирательства определяются Федеральным Законом «О третейских судах в Российской Федерации», «О Спортивном Арбитражном Суде при Автономной некоммерческой организации «Спортивная Арбитражная Палата» и настоящим Регламентом.
4. Автономная некоммерческая организация «Спортивная Арбитражная Палата» утверждает Положение «О Спортивном Арбитражном Суде при Автономной некоммерческой организации «Спортивная Арбитражная Палата», Регламент Спортивного Арбитражного Суда, Положение о третейских сборах и расходах в Спортивном Арбитражном Суде и Список Арбитров Спортивного Арбитражного Суда.

**Статья 2.       Компенсация Суда.**
1. Суд, состоящий из независимых третейских судей (далее – Арбитров), осуществляет урегулирование споров, возникающих в сфере физической культуры и спорта, путем рассмотрения и разрешения дел судебными составами из одного или трех Арбитров.
2. В Суд по соглашению сторон могут передаваться споры, возникающие при осуществлении физическими и юридическими лицами деятельности в области спорта, в частности:
- споры, касающиеся имущественных прав и интересов субъектов спортивной деятельности, в том числе связанные с определением статуса и порядком переходов (трансферов) спортсменов (игроков), споры, вытекающие из агентской деятельности и иные имущественные споры;
- споры, связанные с обжалованием действий и решений физкультурно-спортивных организаций любых организационно-правовых форм и форм собственности, а также всех иных организаций, осуществляющих деятельность в области спорта;
- споры, связанные с применением спортсменами запрещенных веществ и препаратов (допинга);
- а также любые иные споры, возникающие в области спорта.
3. Суд вправе рассматривать споры, связанные с обжалованием действий решений физкультурно-спортивных организаций только в случае, если заинтересованное лицо исчер

все правовые средства защиты своих нарушенных прав и законных интересов, предоставленные физкультурно-спортивной организацией, чьи решения и действия обжалуются в Суд.

4. Вопрос о компетенции Суда по конкретному спору решается Составом Суда, рассматривающим дело.

**A. Статья 3. Третейское соглашение.**

1. Суд принимает к рассмотрению споры между сторонами только при наличии третейского соглашения о передаче спора на рассмотрение Суда.

2. Соглашение сторон о передаче спора на разрешение Суда может касаться конкретного спора, определённых категорий или всех без исключения споров, которые возникли или могут возникнуть между сторонами.

3. Третейское соглашение должно быть заключено в письменной форме путём включения в договор или иной документ, подписанный сторонами, либо путём обмена письмами, сообщениями по телеграфу, телетайпу, иным средствам электронной или иной связи, обеспечивающим фиксацию такого соглашения.

4. Третейское соглашение о передаче спора в Суд может содержаться в организационных документах (Уставах, Регламентах, Правилах проведения соревнований и т.д.) физкультурно-спортивных организаций, на которые имеется ссылка в договорах или иных документов сторон третейского разбирательства.

5. Третейское соглашение о решении спора по договору, условия которого определены одной из сторон в формулярах или иных стандартных формах и могли быть приняты другой стороной не иначе как путём присоединения к предложенному договору в целом, действительно, если такое соглашение заключено после возникновения оснований для предъявления иска.

6. Соглашение о передаче спора в Суд действительно и в том случае, когда Суд признаёт сам договор недействительным в ходе третейского разбирательства.

7. Стороны, заключившие третейское соглашение, не вправе отказаться от него в одностороннем порядке.

## II. ОРГАНИЗАЦИЯ И ДЕЯТЕЛЬНОСТЬ

**Статья 4.     Арбитры Суда**

1. Арбитром Суда может быть физическое лицо, обладающее необходимыми знаниями для разрешения споров, отнесённых к компетентности Суда и включённые в Список арбитров Суда.

2. Арбитр Суда, рассматривающий спор единолично, должен иметь высшее юридическое образование. В случае, если спор подлежит рассмотрению коллегиальным составом суда, высшее юридическое образование должен иметь председатель Состава Суда.

3. Спорящие стороны могут избрать Арбитра для разрешения спора только из числа лиц, включённых в Список Арбитров Суда.

4. АНО «Спортивная Арбитражная Палата» утверждает Список Арбитров Суда, в котором указываются имя и фамилия Арбитра, его место работы, учёная степень или звание, специальность.

**Статья 5.     Президент и Вице-президент Суда.**

1. Президент и Вице-президенты Суда назначаются решением Президиума Спортивной Арбитражной Палаты сроком на 4 года.

2. Президент Суда, а в его отсутствие один из Вице-президентов, организует деятельность Суда и выполняет иные функции, предусмотренные настоящим Регламентом.

**Статья 6.     Президиум Суда.**

1. В состав Президиума Суда входят по должности Председатель Президиума АМО «Спортивная Арбитражная Палата», Президент Суда, Вице-президенты Суда, Генеральный Секретарь Суда. Председателем Президиума Суда является Председатель Президиума АНО «Спортивная Арбитражная Палата».

2. Президиум Суда решает вопросы, отнесённые к его компетенции настоящим Регламентом, анализирует практику рассмотрения и разрешения дел Суда, рассматривает распространения информации о деятельности Суда, международных связей Суда, другие вопросы деятельности Суда.

3. Решение Президиума принимаются простым большинством голосов при условии голосовании более половины членов Президиума. В случае равенства голосов решающим

считается голос Председателя Президиума Суда. Функции секретаря Президиума выполняет Генеральный Секретарь Суда.

**Статья 7.    Секретариат Суда.**

1. Секретариат Суда осуществляет функции, необходимые для обеспечения деятельности Суда, в соответствии с настоящим Регламентом. Секретариат Суда возглавляет Генеральный секретарь Суда, назначенный решением Президиума АНО «Спортивная Арбитражная Палата».

2.    Генеральный Секретарь Суда имеет Заместителя. Распределение обязанностей между ними, а также между другими сотрудниками Суда осуществляет Генеральный Секретарь Суда.

3.    При осуществлении функций, связанных с рассмотрением дела в Суде, Секретариат Суда подчиняется Президенту Суда.

**Статья 8.    Местонахождение Суда и место проведения его заседаний.**

1.    Местонахождением Суда и местом проведения его заседаний является г. Москва.

2.    Состав Суда по конкретному спору по просьбе одной из сторон либо по своей инициативе вправе проводить слушания в другом вне г. Москвы месте на территории Российской Федерации или за рубежом, если этого требуют обстоятельства дела или это будет способствовать более скорому, эффективному и квалифицированному, а также менее затратному для сторон рассмотрению спора. Дополнительные расходы по проведению слушания дела вне г. Москвы возлагаются на стороны.

**Статья 9.    Язык третейского разбирательства.**

1.  Третейское разбирательство ведётся на русском языке.

2.  Если сторона не владеет языком, на котором происходит третейское разбирательство, Суд по ходатайству стороны и за её счёт обеспечивает её услугами переводчика.

3. Если какой-либо документ составлен на ином языке, нежели язык третейского разбирательства и перевод этого документа не представлен стороной, подающей документ. Суд может обязать эту сторону представить соответствующий перевод.

**Статья 10.    Срок рассмотрения спора Судом.**

1.    Суд принимает меры к рассмотрению споров в возможно короткий срок. Третейское разбирательство по конкретному делу, за исключением споров, указанных в п. 2 ст. 10 настоящего Регламента, должно быть завершено в срок не более 60 дней с момента поступления искового заявления в Суд.

**Статья 11.    Предоставление документов в Суд.**

Все документы, касающиеся начала и осуществления третейского разбирательства, должны быть представлены сторонами в трех экземплярах, если иное не будет определено Генеральным Секретарем Суда.

**Статья 12.    Направление и вручение документов.**

1.    Секретариат Суда обеспечивает направление сторонам всех документов по делу по адресам, указанным сторонами. Документы направляются по последнему известному адресу стороны разбирательства.

2.    Исковые заявления, объяснения по искам, решения и определения Суда направляются заказными письмами с уведомлениями о вручении. Извещения о дате и месте судебного заседания могут быть также направлены телеграфом с уведомлением о вручении телеграммы.

3.    Прочие документы направляться заказными или обычными письмами, а также передаваться по факсу, телеграфу, телетайпу или электронной почтой.

4.    Любые из указанных документов могут быть равным образом вручены сторонам под расписку.

5.    Любое письменное сообщение или уведомление считается поученным, если оно доставлено стороне по ее постоянному местожительству или местонахождению или почтовому адресу. Когда таковые не могут быть установлены путем разумного наведения справок, письменное сообщение или уведомление считается полученным, если оно направлено по последнему известному местожительству или местонахождению стороны или почтовому адресу стороны заказным письмом или любым иным образом, предусматривающим регистрацию попытки доставки этого сообщения или уведомления.

6.    Сообщение считается полученным в день доставки, осуществляемой в соответствии с пунктом 5 настоящей статьи.

**Статья 13.    Расходы, связанные с разрешением спора в Суде.**

1.Расходы, связанные с разрешением спора в Суде включают:

• третейский сбор, используемый на выплату гонораров Арбитрам и



Президенту Суда, Вознаграждений секретариату, возмещение расходов на организационное, материальное и иное обеспечение третейского разбирательства;
•   дополнительные расходы сторон.
2. Размер третейского сбора и состав дополнительных расходов сторон в связи с ведением третейского разбирательства, а также порядок их уплаты и распределения устанавливаются Положением о третейских сборах в Суде, которое является неотъемлемой частью настоящего Регламента.

## III. ПРИНЦИПЫ ТРЕТЕЙСКОГО РАЗБИРАТЕЛЬСТВА.

**Статья 14.    Состязательность и диспозитивность сторон третейского разбирательства.**
Рассмотрение споров в Суде осуществляется на основе принципов диспозитивности и состязательности сторон. Каждая сторона обязана доказать те обстоятельства, на которые она ссылается в обоснование своих требований или возражений.
**Статья 15.    Независимость и беспристрастность Арбитров Суда.**
1. Арбитры Суда независимы и беспристрастны при исполнении своих обязанностей. Арбитр подлежит отводу в случае, если он прямо или косвенно заинтересован в исходе дела.
2. Арбитр Суда обязан незамедлительно сообщить Суду о том, что имеются обстоятельства, которые могут вызвать обоснованные сомнения относительно его беспристрастности и независимости, если они возникли до завершения третейского разбирательства.
**Статья 16.    Равноправие сторон.**
Разрешение спора в Суде осуществляется на началах равноправия сторон. Каждой стороне должны быть предоставлены равные возможности для изложения своей позиции и защиты своих прав и интересов.
**Статья 17.    Конфиденциальность третейского разбирательства.**
1.   Арбитры и сотрудники секретариата Суда не вправе разглашать сведения, ставшие им известными в ходе третейского разбирательства без согласия сторон третейского разбирательства.
2.   Третейское разбирательство проходит в закрытом судебном заседании, если стороны не договорились об ином.
3.   С разрешения Суда и при согласии на то сторон третейского разбирательства на закрытом судебном заседании могут присутствовать лица, не участвующие в процессе.
**Статья 18.    Содействие Суда достижению сторонами мирового**
**соглашения.**
Суд содействует сторонам в урегулировании спора путем заключения мирового соглашения при условии, что заключенное сторонами мировое соглашение не будет нарушать прав и законных интересов иных лиц.

## IV. ТРЕТЕЙСКОЕ РАЗБИРАТЕЛЬСТВО.

**Статья 19.    Предъявление иска.**
1.   Производство в Суде начинается подачей искового заявления.
Истец излагает свои требования в исковом заявлении, которое передается или направляется в письменной форме в секретариат Суда.
2.   Копии искового заявления, а также прилагаемых к нему документов могут быть истцом направлены ответчику или переданы через секретариат Суда. В случае передачи документов ответчику через секретариат Суда исковое заявление и прилагаемые к нему документы предоставляются истцом в трех экземплярах.
3.   Датой подачи искового заявления считается дата его вручения Суду, а при отправке его почтой – дата штемпеля почтового ведомства места отправления.

**Статья 20.    Содержание искового заявления.**
1.   В исковом заявлении должны быть указаны:
• дата искового заявления;
• наименование и места нахождения организаций, являющихся сторонами разбирательства;
• фамилии, имена, отчества, даты и места рождения, места работы граждан, являющихся сторонами третейского разбирательства;



- обоснование компетенции Суда;
- фамилия и имя избранного истцом Арбитра;
- требования истца;
- обстоятельства, на которых истец основывает свои исковые требования;
- доказательства, подтверждающие требования истца;
- цена иска;
- перечень прилагаемых к заявлению документов;

2. Исковое заявление должно быть подписано истцом или его представителем. В случае, если исковое заявление подписано представителем истца, к исковому заявлению должна быть приложена доверенность или иной документ, удостоверяющий полномочия представителя.

3. К исковому заявлению должна прилагаться копия документа, содержащего соглашение о передаче спора на разрешение Суда, а также копия документа, подтверждающего уплату третейского сбора.

**Статья 21.    Устранение недостатков искового заявления.**

1. Установив, что исковое заявление подано без соблюдения требований, установленных ст. 20 настоящего Регламента, Генеральный секретарь Суда предлагает истцу устранить выявленные недостатки искового заявления в семидневный срок с момента получения такого предложения. В случае, если недостатки искового заявления будут устранены в установленный срок, датой подачи искового заявления будет считаться день его первоначального поступления в Суд. До устранения вышеуказанных недостатков исковое заявление считается оставленным без движения.

2. В тех случаях, когда истец не смог устранить обнаруженные недостатки в указанный в п.1 ст. 21 настоящего Регламента срок, Суд выносит определение о возвращении искового заявления.

**Статья 22.    Уведомление ответчика и избрание им Арбитра.**

1. После получения искового заявления Генеральный Секретарь Суда уведомляет об этом ответчика, направляет ему копию искового заявления с прилагаемыми документами, если они не направлялись ему истцом, список Арбитра Суда, Регламент Суда, а также предлагает ответчику предоставить свои возражения относительно заявленных исковых требований или оспорить компетенцию Суда.

2. Ответчик в течение 15 дней с момента получения такого уведомления должен сообщить имя и фамилию выбранного им Арбитра или заявить просьбу о том, чтобы Арбитр был назначен Председателем Президиума Спортивной Арбитражной Палаты. Президиумом Суда или президентом Спортивной Арбитражной Палаты Суда, а также направить в Суд и истцу письменный отзыв на исковое заявление.

**Статья 23.    Формирование Состава Суда.**

1. По общему правилу Суд для разрешения спора образуется в составе трех Арбитров, если стороны не договорились о том, что дело рассматривается единоличным Арбитром.

2. В случае, если стороны договорились о том, что дело рассматривается единоличным Арбитром, он назначается Председателем Президиума Спортивной Арбитражной Палаты, Президентом Суда или Президиумом Спортивной Арбитражной Палаты Суда.

3. Председатель Президиума Спортивной Арбитражной Палаты, Президент Суда или Президиум Спортивной Арбитражной Палаты Суда в праве установить единоличный порядок рассмотрения дела Судом в случае, если характер, объем  и сложность возникшего спора не требуют коллегиального рассмотрения дела, и назначить Арбитра, рассматривающего данный спор единолично.

4. В случае коллегиального рассмотрения дела, истец избирает Арбитра при подаче искового заявления в Суд, а ответчик в порядке и в срок, указанный в ст. 22 настоящего Регламента.

5. Если ответчик не избирает Арбитра в срок, указанный в ст. 22 настоящего Регламента, Арбитра за него назначает Председатель Президиума Спортивной Арбитражной Палаты, Президент Суда или Президиум Спортивной Арбитражной Палаты Суда.

6. После избрания сторонами или назначения Судом двух Арбитров, Председатель Президиума Спортивной Арбитражной Палаты, Президент Суда или Президиум Спортивной Арбитражной Палаты Суда, назначает председателя Состава Суда. Председатель состава также назначается из числа лиц, включенных в список арбитров Суда, и должен иметь высшее юридическое образование.

7. Если стороны не договорились об ином, то при наличии двух или более истцов ответчиков, как истцы, так и ответчики со своей стороны избирают одного Арбитра. При не

достижении между истцами и ответчиками соглашения Арбитр за них назначается Председателем Президиума Спортивной Арбитражной Палаты, Президентом Суда или Президиумом Спортивной Арбитражной Палаты Суда.

**Статья 24.    Основания для отвода Арбитра Суда, эксперта и переводчика и порядок отвода.**

1.    Отвод Арбитру Суда может быть заявлен в случае несоблюдения требований, предусмотренных статьей 4 настоящего Регламента.

2.    Каждая из сторон вправе заявить об отводе Арбитра, председателя Состава Суда, единоличного Арбитра, а также об отводе всего Состава Суда, если имеются сомнения в их беспристрастности и независимости, в частности, если можно предположить, что он лично. Прямо или косвенно заинтересованы в исходе дела. Арбитр, председатель Состава Суда или единоличный Арбитр могут также заявить о самоотводе по указанным выше обстоятельствам.

3.    Заявление об отводе должно быть сделано до начала разбирательства. Такое заявление, сделанное позднее, рассматривается только в том случае, если Состав Суда признает причину задержки заявления об отводе уважительной.

4.    Вопрос об отводе Председателя Состава Суда или Арбитра решается другими Арбитрами Состава Суда во время третейского разбирательства большинством голосов. При равном числе голосов, поданных за отвод и против отвода, Арбитр считается отведенным.

5.    Вопрос об отводе Арбитра, рассматривающего дело единолично, либо об отводе всего Состава Суда, решается Председателем Президиума Спортивной Арбитражной Палаты, Президентом Суда или Президиумом Спортивной Арбитражной Палаты Суда.

6.    заявление об отводе Арбитра не может быть подано повторно по тем же основаниям той же стороной.

7.    По тем же основаниям, которые указаны в пункте 2 настоящей статьи, могут быть отведены эксперты и переводчики. В этом случае вопрос об отводе решается Составом Суда.

**Статья 25.    Прекращение полномочий Арбитра Суда.**

1.    Полномочия Арбитра Суда могут быть прекращены в связи самоотвода Арбитра или отводом Арбитра по основаниям, предусмотренным статьей 24 настоящего регламента.

2.    Обоснованиями для прекращения полномочий Арбитра Суда по соглашению сторон, а также для самоотвода Арбитра являются юридическая неспособность Арбитра участвовать в рассмотрении спора, иные причины, по которым арбитр не участвует в рассмотрении спора в течение неоправданно длительного срока.

3.    Если председатель Состава Суда, Арбитр или единоличный Арбитр не смогут участвовать в разбирательстве дела или в случае прекращения полномочий Арбитра, другой председатель Состава Суда, Арбитр или единоличный Арбитр назначаются Председателем Президиума Спортивной Арбитражной Палаты, Президентом Суда или Президиумом Спортивной Арбитражной Палаты Суда. В случае необходимости и с учетом мнения сторон состав Суда может заново рассмотреть вопросы, которые уже рассматривались на предыдущих заседаниях по делу, состоявшихся до замены.

**Статья 26.    Подготовка разбирательства дела.**

1.    Председатель Состава Суда или Единоличный Арбитр проверяет состояние подготовки дела к разбирательству и, если тот сочтет это необходимым, принимает дополнительные меры по подготовке дела, в частности, истребует от сторон письменные объяснения, доказательства и другие дополнительные документы. Если Суд принимает дополнительные меры по подготовке дела, он может установить сроки, в течение которых эти дополнительные требования должны быть выполнены.

2.    Председатель Состава Суда или Арбитр может давать Генеральному секретарю Суда отдельное поручения в связи с подготовкой и проведением разбирательства дела.

3.    Подготовка дела к судебному разбирательству должна быть завершена в срок не превышающий 14 дней с момента сформирования Состава Суда.

4.    Председатель Состава Суда, признав подготовку дела оконченной, выносит определение о назначении дела к заседанию Суда.

**Статья 27.    Полномочия Суда распространятся о приятии обеспечительных мер.**

1. Суд может по просьбе любой стороны распорядится о принятии какой-либо стороной таких обеспечительных мер в отношении предмета спора, которые он считает необходимыми. Он может потребовать от любой стороны предоставить надлежащее обеспечение в связи с такими мерами.
2. Председатель Президиума Спортивной Арбитражной Палаты, Президент Суда или Президиум Спортивной Арбитражной Палаты Суда или Состав Суда выносит определение о принятии обеспечительных мер.
3. В случае, когда сторона обратилась в компетентный суд с заявлением об обеспечении иска, поданного в Суд или рассматриваемого в нем, а также вынесения компетентным судом определения об обеспечении этого иска или об отказе в его обеспечении, сторона должна без промедления информировать об этом Суд.

**Статья 28.     Участие сторон в заседании Суда.**
1. Стороны могут внести свои дела в Суде непосредственно или через должным образом уполномоченных представителей, назначаемых сторонами по своему усмотрению.
2. Не предоставление стороной документов или иных материалов, а также неявка сторон или их представителей, надлежащим образом извещенных о времени и месте третейского заседания, не является препятствием для третейского разбирательства и принятия решения Судом, если только не явившаяся сторона до окончания разбирательства дела не просила отложить его по уважительной причине.
3. Не предоставление ответчиком возражений против иска не может рассматриваться как признание требований истца.
4. Сторона может просить о разбирательстве дела в ее отсутствие.

**Статья 29.     Встречный иск.**
1. В срок, указанный в пункте 2 статьи 22 настоящего регламента, ответчик в праве предъявить встречный иск, вытекающий из того же правоотношения, при условии, что существует взаимная связь встречного требования с требованиями истца.
   Если вследствие необоснованной задержки ответчиком предъявления встречного иска третейское разбирательство затягивается, на ответчика может быть возложено возмещение дополнительных расходов Суда и издержек другой стороны, вызванных этой задержкой.
Состав Суда может признать нецелесообразным предъявления встречного иска с учетом допущенной задержки.
2. К встречному иску предъявляются те же требования, что и к первоначальному иску.

**Статья 30.     Доказательства.**
1. Стороны должны доказать те обстоятельства, на которые они ссылаются, как на основание своих требований или возражений. Состав Суда вправе потребовать предоставления сторонами дополнительных доказательств, обосновывающих их требования или возражения. Он вправе также по своему усмотрению испрашивать предоставление доказательств третьими лицами, вызывать и заслушивать свидетелей.
2. Стороны предоставляют письменные доказательства в оригинале или в виде заверенных ими копий оригиналов. При необходимости Суд вправе затребовать от сторон подлинные документы.
3. Проверка доказательств проводится способом, установленным Составом Суда.
4. Оценка доказательств осуществляется Арбитрами по их внутреннему убеждению, основанному на всестороннем, полном и объективном исследовании имеющихся в деле доказательств.

**Статья 31.     Участие третьих лиц.**
   Вступление в третейское разбирательство третьего лица допускается только с согласия спорящих сторон. Для привлечения к разбирательству третьего лица, помимо согласия сторон, требуется также и согласие привлекаемого лица. Заявление ходатайства о привлечении третьего лица допускается только до истечения срока, указанного в пункте 2 статьи 22 настоящего Регламента. Согласие о привлечении третьего лица должно быть выражено в письменной форме.

**Статья 32.     Назначение экспертизы.**
1. Суд может назначить экспертизу для разъяснения возникающих при разрешении спора вопросов, требующих специальных познаний, и потребовать от любой из сторон представления необходимых для проведения экспертизы документов, иных материалов или предметов.

2. В случае, если экспертиза назначается по ходатайству одной из сторон, расходы на проведение экспертизы несет сторона, заявившая ходатайство о назначении экспертизы.

## V. Решение Суда.

**Статья 33.     Обязательность решения Суда.**

1. Стороны, заключившие третейское соглашение, принимают на себя обязательство добровольно исполнять решение Суда.

2. Принятие решения в Суде в пределах его компетенции исключает возможность обращения с иском о том же предмете и по тем же основаниям в арбитражный суд общей юрисдикции

**Статья 34.     Принятие решения Судом.**

1. Суд выносит решение в письменной форме и указывает мотивы, на которых основано это решение.

2. Резолютивная часть решения объявляется судом устно. В течение 10 дней со дня его принятия сторонам должно быть в письменном виде направлено мотивированное решение.

3. Состав Суда по окончании устного слушания может постановить, что решение суда без устного объявления его резолютивной части будет направлено сторонам в срок, который не должен превышать 14 дней.

4. Состав Суда может провести дополнительное разбирательство, если это требуется в интересах правильного разрешения спора и резолютивная часть решения еще не была объявлена сторонам.

5. Днем принятия решения Суда считается день принятия окончательной формы.

**Статья 35.     Урегулирование спора путем заключения мирового**
**                соглашения.**

1. Мировое соглашение может быть заключено сторонами на любой стадии третейского разбирательства.

2. По просьбе сторон Суд может принять определение об утверждении письменного мирового соглашения.

**Статья 36.     Дополнение, разъяснение и исправление решения.**

1. Любая из сторон, уведомив об этом другую сторону, может в течение 10 дней после получения решения обратиться в Суд с заявлением о принятии дополнительного решения в отношении требований, которые были заявлены в ходе третейского разбирательства, однако не нашли отражения в решении.

Указанное заявление рассматривается Составом Суда, разрешившим спор, в течение 10 дней после его получения. По результатам рассмотрения заявления принимается либо дополнительное решение, либо определение об отказе в Удовлетворении заявления о принятии дополнительного решения.

2. Любая из сторон, уведомив об этом другую сторону, может в течение 10 дней после получения решения обратиться в Суд с заявлением о разъяснении решения.

Указанное заявление рассматривается Составом Суда, разрешившим спор, в течение 10 дней после его получения.

3. Допущенные описки, опечатки и арифметические ошибки в тексте решения, не затрагивающие существа дела, могут быть исправлены определением Суда по просьбе любой из сторон или по инициативе Суда.

4. Дополнительное решение, определение о разъяснении решения или об исправлении описок, опечаток, арифметических ошибок являются составной частью решения.

**Статья 37.     Определение Суда.**

По вопросам, не затрагивающим существа спора, Суд выносит определение.

**Статья 38.     Отложение разбирательства и приостановление**
**                производства.**

При необходимости по заявлению сторон или инициативе Суда рассмотрение дела может быть отложено или приостановлено, о чем выносится определение.

**Статья 39.     Прекращение третейского разбирательства.**

1. Суд выносит определение о прекращении третейского разбирательства, если:

• истец отказывается от своего требования, если только ответчик не заявит возражения против прекращения третейского разбирательства в связи с наличием у него законного интереса в разрешении спора по существу;

• стороны достигли соглашения о прекращении третейского разбирательства;

• суд вынес определение об отсутствии у Суда Компетенции рассматривать переданный на его разрешение спор;

• организация, являющаяся стороной третейского разбирательства ликвидирована;

• физическое лицо либо гражданин-предприниматель, являющейся стороной третейского разбирательства, умер либо объявлен умершим или признан безвестно отсутствующим;

• имеется вступившее в законную силу, принятое по спору между теми же сторонами, о том же предмете и по тем же основаниям решение суда общей юрисдикции, арбитражного суда или Суда;

• при отсутствии предпосылок, необходимых для рассмотрения и разрешения дела по существу, в том числе, когда из-за бездействия истца дело остается без движения более трех месяцев;

2.    К определению о прекращении третейского разбирательства соответственно применяются статьи 33, 34, 36 настоящего регламента.

**Статья 40.    Протокол заседания Суда.**

1.    Если стороны не договорились об ином, то ход заседания протоколируется.

2.    Протокол должен содержать: наименование Суда, номер дела, место заседания, наименование спорящих сторон и их представителей, сведения об участии сторон, фамилии Арбитров, докладчика, экспертов, свидетелей, переводчиков и других участников заседания, краткое описание хода заседания, требования сторон и изложение иных важных заявлений сторон, указание оснований отложения заседания или завершения производства, подписи Арбитров.

3.    Стороны вправе ознакомится с содержанием протокола.

**Статья 41.    Опубликование решений.**

С разрешения Президиума Спортивной Арбитражной Палаты допускается опубликование в периодической печати или в виде отдельных сборников решений Суда

**Статья 42.    Хранение дела.**

Дело, рассмотренное Судом, хранится в этом суде в течение 5 лет с даты принятия по нему решения.

## VI. ИСПОЛНЕНИЕ РЕШЕНИЯ СУДА.

**Статья 43. Порядок исполнения решения Суда.**

1.    Решение Суда является окончательным и исполняется добровольно в порядки и сроки, установленные в решении.

2.    Если в решении срок исполнения не установлен, оно подлежит немедленному исполнению.

3.    Решение Суда, не исполненное добровольно в указанный срок, приводится в исполнение в соответствии с Законом.



ENGLISH TRANSLATION

## RULES
### of the Arbitration Committee
### of the Russian Ice Hockey Federation and Professional Hockey League
### (AC of the RIHF and PHL)

## 1. GENERAL PROVISIONS

**Article 1.        About the Arbitration Committee of the RIHF and PHL.**
The Arbitration Committee of the RIHF and PHL (hereinafter to be referred to as the "Arbitration Committee") is the joint collegial body of the RIHF and PHL.

In its activities, the Arbitration Committee shall strictly adhere to the current Russian legislation, local statutory acts and other regulations and official documents of the IIHF, RIHF and PHL.

**Article 2.        The Functions of the Arbitration Committee.**
The functions of the Arbitration Committee are to hear and settle in a due and timely manner all disputes arising in the area of Russian hockey, including those of material character, except for the disputes related to refereeing and interpretation of the Hockey Rules of Play.

Arbitration process must promote the strengthening of discipline and order in relations among all persons of domestic hockey, and development of a respectful attitude to the requirements established in hockey by its governing bodies.

**Article 3.        The Right to Apply to the Arbitration Committee.**
Any interested person working in the area of Russian hockey shall have the right to apply to the Arbitration Committee for protection of their violated or disputed rights under the procedures established by the Rules.

**Article 4.        Binding Awards of the Arbitration Committee.**
The awards of the Arbitration Committee that come into effect shall be binding upon all persons of Russian hockey, without exception (players, coaches, judges, legal persons – the organizations which are carrying out their activities in the area of hockey, as well as officials of the RIHF, PHL and clubs).

## 2. COMPOSITION OF THE ARBITRATION COMMITTEE

**Article 5.        Numerical Composition.**
The Arbitration Committee shall consist of six persons. The fixed number of members of the Committee shall include the Chairperson and the Secretary.

**Article 6.        Appointment and Confirmation of Members of the Committee.**
Members of the Committee shall be appointed and confirmed by the meetings of the Executive Committee of the RIHF and Board of Presidents of the PHL. The Chairperson of the Arbitration Committee shall be appointed by the President of the Russian Ice Hockey Federation.

## 3. SESSIONS OF THE ARBITRATION COMMITTEE

**Article 7.        Decision-Making Procedures.**
The Session of the Arbitration Committee shall have a quorum, if more than half of the Members of the Committee are present.
Decisions shall be taken by the majority of votes and made in writing. In case of a tie



the Chairperson shall cast the deciding vote.

A member of the Arbitration Committee shall have no right to abstain from voting when taking a decision on each issue. The presiding member shall vote last. A member of the Arbitration Committee who does not agree with the decision of the majority may state his/her special opinion in writing. The special opinion shall be attached to the case file, but shall not be disclosed at the session.

**Article 8.    Challenge of Members of the Arbitration Committee**

The persons participating in the hearing of a claim shall have the right to challenge any Member of the Arbitration Committee if he/she is personally, directly or indirectly interested in the outcome of the case, or has other circumstances which raise questions about his/her impartiality.

**Article 9.    Procedures for Accepting a Challenge**

In case of a challenge, the Arbitration Committee shall hear the opinions of the persons participating in the session, and also hear the Member of the Arbitration Committee who was challenged, if the challenged Member wants to give explanations.

The challenge shall be ruled on by other members of the Arbitration Committee in the absence of the challenged Member. In case of a tie between yes and no votes, the Member of Arbitration Committee shall be considered to be challenged.

The challenge of several members of the Arbitration Committee shall be accepted by the Committee in its full composition by a simple majority of votes.

In case of a challenge of more than half of the listed members of the Arbitration Committee, the matter shall be left to the discretion of the Court of Arbitration for Sports of the Independent Non-Commercial Organization "Arbitration Chamber of Sports" which hears it according to the procedures of the Court of Arbitration.

**Article 10.    Initiation of a Dispute Resolution Process**

For hearing of a disputed matter at the Arbitration Committee, persons involved in hockey activities shall submit the following documents:
− A claim in writing;
− Documents or certified copies of documents related to the matter stated in the claim;
− A receipt confirming payment of 10,000 (Ten thousand) Rubles as a fee for hearing of the claim transferred to the current account of the PHL;
− Other materials required for hearing of the claim, the list of which shall be determined by the Arbitration Committee for each dispute and shall be notified to the Claimant;
- Contracts of hockey players and confidential appendices to them, not registered with the PHL.

**Article 11. Preparation of Matter for Arbitration Hearing.**

In preparation of the case for hearing, the Secretary of the Arbitration Committee shall:
− Notify the interested parties of the time, date and venue of the case hearing;
− Deliver or present a copy of the claim to the opposite party;
− If requested by either party, appoint an appropriate expert to carry out an examination at the expense of the party initiating the request;
− Suggest the opposite party to submit within due period of time written explanations or counterclaims to the submitted claim or to present evidence to substantiate his/her counterclaims.

Failure by the Respondent to submit the written explanations and proof in the event of absence at the arbitration hearing does not preclude the arbitration committee from

consideration of a case based on the available materials.

If the Claimant demands compensation, the claim shall contain a calculation of compensation. In its decision, the Arbitration Committee shall be entitled to reduce or increase the amount of compensation.

**Article 12. Field Hearing.**
In exceptional cases, where the interested parties are not able to appear at a session of the Arbitration Committee, the Arbitration Committee may hold a field hearing. Travel expenses of members of the Arbitration Committee shall be born by the Claimant.

## 4. PROCESSES OF THE ARBITRATION COMMITTEE

**Article 13.    Preparation of a Case for Hearing.**
Upon receipt of the claim, the Arbitration Committee shall note the time and date of submission on the claim.

Upon receipt of the claim, the Arbitration Committee shall define whether it contains sufficient information required for determining the subject matter of the dispute. Otherwise, the Claimant shall be requested to provide additional information. If a claim does not enable the Committee to determine what the dispute is about, then it will be rejected.

If a claim meets all requirements, the case shall be assigned for hearing within 10 days.

A claim and all written materials related to a dispute shall be accessible to all parties participating in the case and to members of the Arbitration Committee for study prior to the hearing of a case.

**Article 14.    Beginning of Hearing of a Case by Subject Matter.**
Hearing of a claim by subject matter shall begin with a report of the Presiding Member concerning the case. Then the Presiding Member shall ask whether the Claimant supports his/her claims, whether the Respondent accepts the claims of the Claimant, and whether the parties want to settle the dispute peacefully.

**Article 15.    Explanations of Persons Involved in a Case.**
After a report on the case, the Arbitration Committee hears explanations of the Claimant and/or the third party attending the hearing on his/her side, the Respondent and/or the third party participating on his/her side, and then other persons involved in the case.

Persons involved in a case shall have the right to ask each other questions. Members of the Arbitration Committee shall have the right to put questions to the persons involved in a case at any time during their presentations.

Written explanations of persons involved in a case, as well as the explanations obtained by the Arbitration Committee at its own initiative, shall be presented by the Presiding Member.

**Article 16.    Questioning of Witnesses.**
Each witness shall be questioned separately. Witnesses who have not been questioned in session may not be in the room where hearing of the case is being held.

**Article 17.    Examination of Written Evidence.**
Written evidence shall be presented at a session and shown to persons involved in the case, their representatives, and if necessary - to experts, specialists and witnesses, after which persons involved in the case may give explanations.

**Article 18.     Adjournment of Case Hearing.**
Adjournment of a case hearing shall be allowed if the Arbitration Committee considers it impossible to hear the case at the session due to absence of any of the persons involved in the case, their representatives, witnesses, experts, specialists, presentation of a counterclaim, necessity for calling new evidence, etc.


**Article 19.     Award on the Claim.**
A decision of the Arbitration Committee shall be issued in the form of an award which must be lawful and grounded.

After expelling all persons affected by the dispute from the room, the Arbitration Committee shall make a decision on the established circumstances relevant to the case.

After establishing the circumstances, the Arbitration Committee shall make a decision regarding the existence of the fact of violation and the nature of violation. After a decision of the Arbitration Committee on established circumstances and applied rules is made and written down, the Committee shall invite persons involved in the case to the room and read the established facts, the decision and its ground to them.

A fee for hearing of claim – 10,000 (Ten thousand) Rubles may be collected from the unsuccessful party to the dispute by a decision of the Arbitration Committee.

Each party involved in the dispute shall have the right to receive a copy of the award signed by the Chairperson of the Arbitration Committee. The original of the award shall be placed in the file of the Arbitration Committee.

**Article 20.     Appeal of Award of the Arbitration Committee.**
A complaint with respect to an award of the Arbitration Committee may be submitted to the Court of Arbitration for Sports of the Independent Non-Commercial Organization "Arbitration Chamber of Sports" within seven days after issuance of the award in its final form and the Court of Arbitration for Sports shall hear it according to the procedures of the Court of Arbitration.

**Article 21.     Coming into Effect of the Award.**
An award of the Arbitration Committee shall come into effect after expiry of the appeal period if it has not been appealed to the Court of Arbitration for Sports of the Independent Non-Commercial Organization "Arbitration Chamber of Sports" according to the established procedures.

In case of submission of an appeal, an award of the Arbitration Committee, if it is not invalidated, shall come into effect after review of the case at the Court of Arbitration for Sports of the Independent Non-Commercial Organization "Arbitration Chamber of Sports".

**Article 22.     The Right of the Arbitration Committee to Immediate Enforcement of the Award.**
The Arbitration Committee may make the award enforceable immediately in whole or in part if, as a result of special circumstances, delay in enforcement of the award may lead to significant damage to the prevailing party or enforcement may become impossible.

**Article 23.     Implementation of Award and Liability for Default.**
An award of the Arbitration Committee shall be implemented within 10 days. In case of failure to implement an award during this term, the guilty person or club shall be obliged to make a lump sum payment to the PHL in the amount of 20,000 (Twenty thousand) Rubles, which shall be paid within five banking days. In case of failure to implement this decision, the

guilty person or club shall be obliged to make an additional payment to the PHL in the amount of 40,000 (Forty thousand) Rubles. Simultaneously, the Arbitration Committee shall declare a motion to disqualify the club from official Russian hockey competitions and other important events at the next session of the Board of Presidents, PHL.

If any member of the Arbitration Committee is insulted during performance of their duties, the guilty person shall be obliged to make a lump sum payment in the amount of 20,000 (Twenty thousand) Rubles to the settlement account of the PHL within five banking days.



**RULES**
**of the Court of Arbitration for Sports**
**of the Independent Noncommercial Organization**
**"Arbitration Chamber of Sports"**

**Article 1.**

1.      Court of Arbitration for Sports of the Independent Noncommercial Organization "Arbitration Chamber of Sports" (hereinafter to be referred to as the "Court of Arbitration for Sports") is an independent and permanent arbitration court that hears disputes arising in the area of physical education and sports by means of arbitration.

2.      The Court of Arbitration for Sports was founded by the decision of the Independent Noncommercial Organization "Arbitration Chamber of Sports" dated June 10, 2003 and operates according to the current legislation, in particular, the Federal Law on Arbitration Courts in the Russian Federation.

**Article 2.**

1.      The Court of Arbitration for Sports consisting of independent arbitration judges (hereinafter to be referred to as Arbitrators), provides for the settlement of disputes, arising in the area of physical education and sports, by hearing of the case with a panel consisting of one or three Arbitrators.

2.      On the basis of agreement, the parties may refer to the Court of Arbitration for Sports disputes arising during performance of activities by physical and legal persons in the field of physical education and sports, including disputes arising out of Statutes, Rules, Bylaws and other documents of physical education and sport organizations which regulate the rules of championships, cups and other competitions in the Russian Federation, disputes related to definition of the status and procedure of transfers of sportsmen (players), disputes related to abuse by sportsmen of prohibited substances and preparations (doping), and any other disputes arising in the field of physical education and sports.

3.      Arbitration hearing shall be called to ensure:
•    Protection of the rights and interests of persons of sport activities protected by the law;
•    Promptness and efficiency of procedure for dispute resolution;
•    Qualified hearing of sport disputes by experts experienced in resolution of disputes in the field of sports and essential legal knowledge;
•    Issuance of awards made not only under to the current legislation, but also on the basis of the general principles of fairness, common sense, practice and customs developed in the field of sports;
•    Study and consolidation of international and domestic legal practice in the field of sports and development of recommendations on regulation of legal issues related to sport activities.

**Article 3.**

For the purpose of the Rules, physical persons who are carrying out activities in the field of sports are understood as sportsmen - amateurs, sportsmen of high level, sportsmen - professionals, coaches, experts, and other workers of physical education-sport organizations.

Legal persons who are carrying out activities in the field of sports are understood as physical education-sport organizations of any corporate and legal forms and types of ownership, and all other organizations which are carrying out activities in the field of sports, specified in regulatory and legal acts of the Russian Federation, acts of the international Olympic and sport movement.

**Article 4.**

1.      The Court of Arbitration for Sports shall accept disputes between the parties for hearing only if there is an arbitration agreement on referring the dispute to Court of Arbitration for Sports.

2.      An agreement between the parties on referring the dispute to the Court of Arbitration for Sports may be related to a certain dispute of certain categories or all, without exception, disputes which have arisen or may arise between the parties.

3.      An arbitration agreement shall be made in writing by drawing up a separate agreement or including it in the contract or other document signed by the parties, and through correspondence, telegraph, teletype, other means of electronic or other communication facilitating establishment of such agreement.

4.      An arbitration agreement on referring disputes to the Court of Arbitration for Sports may be included in organizational documents (Statutes, Bylaws and Rules of Competitions, etc.) of physical education-sport organizations which are cited in contracts or other documents of the parties to the arbitration hearing.

5.      An arbitration agreement on the resolution of disputes under the contract, conditions of which have been determined by one of the parties in set forms or other standard forms and may be accepted by the other party by joining in the proposed contract as a whole, shall be effective if such agreement is concluded after occurrence of the ground for submission of a claim.

6.      An agreement on referring a dispute to the Court of Arbitration for Sports shall be effective where the Court of Arbitration for Sports nullifies the contract during arbitration hearing.

7.      The parties to an arbitration agreement shall not be entitled to withdraw from it unilaterally.

**Article 5.**

1.      The seat of the Court of Arbitration for Sports and the venue of hearings are in Moscow City.

2.      The panel of the Court of Arbitration for Sports shall be entitled to hold hearings of disputes in another place outside of Moscow within the Russian Federation or abroad, at the request of the parties or at its own initiative if it is required by the circumstances of the case or it will facilitate faster, more effective, qualified and cost-effective hearing for the parties. Additional expenses for holding a hearing of a case outside of Moscow City shall be born by the parties.

**Article 6.**

1.      Hearing of disputes at the Court of Arbitration for Sports shall be carried out on the basis of principles of dispositive motion and adversary process of the parties. Each party shall be given equal opportunities to present their claims and protect their rights.

2.      Arbitrators of the Court of Arbitration for Sports are independent and impartial in performance of their duties, The arbitrator shall be subject to disqualification in case he/she is directly or indirectly interested in outcome of the case.

3.      An arbitration hearing shall be conducted in Russian. If a party does not speak the language in which the arbitration hearing is conducted, the Court of Arbitration for Sports shall provide the party with a translator/interpreter on the basis of a request of the party at his/her expense. If any document is made in other language, than the language of arbitration hearing, and the translation of this document is not provided by the party submitting the document, the Court of Arbitration for Sports may order this party to provide the relevant translation.

4.      An arbitration hearing shall be held in a closed judicial session if the parties to the arbitration hearing have not agreed in other ways. With the permission of the Court of Arbitration for Sports and the consents of the parties persons who are not involved in the case may attend the closed judicial session. Publishing of the full text of an award of the Court of Arbitration in press or Internet shall be allowed by a written agreement between the parties of the arbitration hearing.

**Article 7.**
1.      Arbitrators of the Court of Arbitration for Sports may be physical persons with essential knowledge for resolution of disputes related to the competence of the Court of Arbitration for Sports and those included in the List of Arbitrators of the Court of Arbitration for Sports.

2.      Arbitrators of the Court of Arbitration for Sports shall be independent and impartial in performance of their duties. In case there are grounds for casting doubts over the independence and impartiality of the arbitrator, he/she shall be subject to disqualification.

3.      The arbitrator of the Court of Arbitration for Sports considering a dispute individually shall have a higher legal education. In case a dispute is subject to consideration by a panel of court, the Chairperson of the Court of Arbitration for Sports shall have a higher legal education.

The additional requirements for qualification of the arbitrator of the Court of Arbitration for Sports.

4.      The list of Arbitrators of the Court of Arbitration for Sports shall be approved by the decision of the Presidium of INO "Arbitration Chamber of Sports".

5.      The disputing parties may select the arbitrator for dispute resolution only from among the persons included in the List of Arbitrators of the Court of Arbitration for Sports.

**Article 8.**
1.      According to the general rules, the Court of Arbitration for Sports shall hear a dispute in a panel of three Arbitrators, unless the parties agreed that the case shall be heard by an individual Arbitrator.

2.      In case the parties agreed that the case shall be heard by an individual Arbitrator, he/she shall be appointed by the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports"

3.      Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports" shall have the right to establish the individual hearing procedure of a case, if the nature, volume and complexity of the affair

dispute does not require panel hearing. In this case he/she shall appoint the arbitrator to hear a dispute individually.

**Article 9.**
1.      If under an agreement of the parties or under a decision of the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports", a dispute is subject to individual hearing by the Arbitrator, the Arbitrator to hear the dispute shall be appointed by the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports".

2.      If a dispute is subject to hearing by the Court of Arbitration for Sports in a panel of three Arbitrators, each party selects one Arbitrator, and the Presiding Arbitrator of the panel shall be appointed by the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports".

**Article 10.**
1.      An award of the Court of Arbitration for Sports shall be binding upon the parties to the arbitration hearing. The parties which concluded an arbitration agreement shall accept a duty to implement the award of the Court of Arbitration for Sports voluntarily.

2.      Coercive enforcement of an award of the Court of Arbitration for Sports shall be carried out in accordance with the procedures, established by the civil procedure or arbitration procedure legislation, and the legislation of the Russian Federation on enforcement procedures.

3.      The parties to an arbitration hearing shall have the right to provide in their arbitration agreement that the award of the Court of Arbitration for Sports shall be final and shall not be subject to an appeal to the competent court of law under the current legislation. In the absence of such condition, the parties shall have the right to appeal the award of the Court of Arbitration for Sports according to the established procedures.

**Article 11.**
1.      The President and Vice-Presidents of the Court of Arbitration for Sports shall be appointed for a term of four years by the decision of the Presidium, INO "Arbitration Chamber of Sports" from among the persons included in the List of Arbitrators of the Court of Arbitration for Sports.

2.      The case processing at the Court of Arbitration for Sports shall be carried out by the Secretariat headed by the General Secretary of the Court of Arbitration for Sports and appointed by the decision of the Presidium, INO "Arbitration Chamber of Sports".

3.      The Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President and Vice-Presidents of the Court of Arbitration for Sports and the General Secretary of the Court of Arbitration for Sports shall comprise the Presidium of the Court of Arbitration for Sports.

The Presidium of the Court of Arbitration for Sports shall hear all issues related to the activities of the Court of Arbitration for Sports.

**Article 12.**
1.      The procedures of hearing and resolution of cases at the Court of Arbitration for Sports shall be defined by the Bylaws of the Court of Arbitration for Sports approved by the decision of the Presidium, INO "Arbitration Chamber of Sports".

2.    The procedures for estimation and allocation of arbitration fees and expenses shall be established by the Rules of Arbitration Fees and Expenses approved by the decision of the Presidium, INO "Arbitration Chamber of Sports".



# THE BYLAWS
## OF THE COURT OF ARBITRATION FOR SPORTS

**of the Independent Noncommercial Organization
"Arbitration Chamber of Sports"
Adopted by the Independent Noncommercial Organization
"Arbitration Chamber of Sports" on June 10, 2003.
and came into effect from July 01, 2003.**

## 1.  GENERAL PROVISIONS

**Article 1.  Definition of the Procedures and Rules for Arbitration Hearings.**

1.    Court of Arbitration for Sports of the Independent Noncommercial Organization "Arbitration Chamber of Sports" (hereinafter to be referred to as the "Court") is an independent and permanent arbitration court that hears disputes arising in the area of physical education and sports by means of arbitration.

2.    The Court of Arbitration for Sports was founded by the decision of the Independent Noncommercial Organization "Arbitration Chamber of Sports" dated June 10, 2003 and operates according to the current legislation, in particular, the Federal Law on Arbitration Courts in the Russian Federation.

3.    The procedures of organization and activities of the Court and the rules of arbitration hearing are defined by the Federal Law on Arbitration Courts in the Russian Federation, the Federal Law on Court of Arbitration for Sports of the Independent Noncommercial Organization "Arbitration Chamber of Sports" and the Bylaws.

4.    The Independent Noncommercial Organization "Arbitration Chamber of Sports" adopts the Rules of the Court of Arbitration for Sports of the Independent Noncommercial Organization "Arbitration Chamber of Sports", the Bylaws of the Court of Arbitration for Sports, and Rules of Arbitration Fees and Expenses at the Court of Arbitration for Sports and the List of Arbitrators of the Court of Arbitration for Sports.

**Article 2.  Competence of Court**

1.    The Court of Arbitration for Sports consisting of independent arbitration judges (hereinafter to be referred to as Arbitrators), provides for the settlement of disputes, arising in the area of physical education and sports, by hearing of the case with a panel consisting of one or three Arbitrators.

2.    On the basis of agreement, the parties may refer to the Court of Arbitration for Sports disputes arising during performance of activities by physical and legal persons in the field of physical education and sports, including:
-    The disputes concerning the property rights and interests of the persons of sport activities, including disputes related to definition of the status and procedure of transfers of sportsmen (players), disputes arising out of the agency activities and other property disputes;
-    The disputes connected to the appeal of actions and decisions of the physical education-sport organizations of any corporate and legal forms and types of ownership, and all other organizations which are carrying out activities in the field of sports;
-    The disputes related to abuse by sportsmen of prohibited substances and preparations (doping);
-    Any other disputes arising in the field of physical education and sports.

3.   The Court shall have the right to hear the disputes connected to the appeal of actions and decisions of the physical education-sport organizations only if the interested person has exhausted all legal means of protection of his/her violated rights and legitimate interests provided by the physical education-sport organizations whose decisions and actions are appealed to the Court.

4.   The issue of the jurisdiction of the Court over a certain dispute shall be resolved by a panel of the Court hearing the case.

**Article 3.      Arbitration Agreement**
1.   The Court shall accept for hearing the disputes between the parties only if there is an arbitration agreement on referring the dispute to the Court for hearing.

2.   An agreement between the parties on referring the dispute to the Court may be related to a certain dispute of certain categories or all, without exception, disputes which have arisen or may arise between the parties.

3.   An arbitration agreement shall be made in writing by drawing up a separate agreement or including it in the contract or other document signed by the parties, and through correspondence, telegraph, teletype, other means of electronic or other communication facilitating establishment of such agreement.

4.   An arbitration agreement on referring disputes to the Court may be included in organizational documents (Statutes, Bylaws and Rules of Competitions, etc.) of physical education-sport organizations which are cited in contracts or other documents of the parties to the arbitration hearing.

5.   An arbitration agreement on the resolution of disputes under the contract, conditions of which have been determined by one of the parties in set forms or other standard forms and may be accepted by the other party joining in the proposed contract as a whole, shall be effective if such agreement is concluded after occurrence of the ground for submission of a claim.

6.   An agreement on referring a dispute to the Court shall be effective where the Court nullifies the contract during arbitration hearing.

7.   Parties to an arbitration agreement shall not be entitled to withdraw from it unilaterally.

## II. ORGANIZATION AND ACTIVITIES

**Article 4.      Arbitrators of Court**
1.   Arbitrators of the Court may be physical persons with essential knowledge for resolution of disputes related to the competence of the Court and those included in the List of Arbitrators of the Court.

2.   The Arbitrator of the Court considering a dispute individually shall have a higher legal education. In case a dispute is subject to consideration by a panel of the Court, the Chairperson of the Court of Arbitration for Sports shall have a higher legal education.

3.   The disputing parties may select the Arbitrator for dispute resolution only from among the persons included in the List of Arbitrators of the Court of Arbitration for Sports.

4.   INO "Arbitration Chamber of Sports" shall adopt the List of Arbitrators of Court which specifies the full names of the Arbitrators, their employers, academic degrees, ranks and specialties.

**Article 5.        President and Vice-Presidents of Court.**
1.    The President and Vice-Presidents of Court shall be appointed by the decision of the Presidium of "Arbitration Chamber of Sports" for a term of 4 years.

2.    The President of Court, or in his/her absence, one of Vice-Presidents, shall organize activities of the Court and carry out other functions stipulated by the Rules.

**Article 6.        Presidium of Court.**
1.    The Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President and Vice-Presidents of the Court and the General Secretary of the Court shall be included in the Presidium of the Court by their positions. The Chairperson of the Presidium of Court is the Chairperson of the Presidium, INO "Arbitration Chamber of Sports".

2.    The Presidium of Court shall solve the issues that fall within its competence under the Bylaws, analyze the practice of hearing and settlement of cases by the Court and hear the issues of dissemination of information on the Court activities and international relations of the Court and other issues of the Court activities.

3.    The decision of the Presidium shall be made by a simple majority of votes when more than half of the Members of the Presidium participated in the voting. In case of a tie vote, the Chairperson of the Presidium of Court shall cast the deciding vote. Functions of the Secretary to the Presidium shall be carried out by the General Secretary of the Court.

**Article 7.        Court Secretariat**
1. The Secretariat of the Court shall carry out the functions needed for maintenance of the Court activities according to the Bylaws. The Secretariat of the Court shall be headed by the General Secretary of the Court appointed by the decision of the Presidium, INO "Arbitration Chamber of Sports".

2.    The General Secretary of the Court shall have a Deputy. The General Secretary of the Court shall distribute the duties among them and among other employees of the Court.

3.    The Secretariat of the Court shall be subject to the President of the Court when performing functions related to hearing of a case at the Court.

**Article 8.        Seat of Court and Venue of Its Session**
1.    The seat of the Court of Arbitration for Sports and the venue of hearings are in Moscow City.

2.    The panel of the Court shall be entitled to hold hearings of disputes in another place outside of Moscow within the Russian Federation or abroad, at the request of the parties or at its own initiative if it is required by the circumstances of the case or it will facilitate faster, more effective, qualified and cost-effective hearing for the parties. Additional expenses for holding a hearing of a case outside of Moscow City shall be born by parties.

**Article 9.        Language of Arbitration Hearing**
1.    An arbitration hearing shall be conducted in Russian.

2.    If a party does not speak the language in which the arbitration hearing is conducted, the Court shall provide the party with a translator/interpreter on the basis of a request of the party at his/her expense.

3. If any document is made in other language, than the language of arbitration hearing, and the translation of this document is not provided by the party submitting the document, the Court may order this party to provide the relevant translation.

**Article 10.     Term of Dispute Hearing by Court.**

1.   The Court shall take measures to hear disputes within the shortest possible period of time. The arbitration hearing of a certain case, except for the disputes specified in Paragraph 2 of Article 10 of the Bylaws, shall be completed within less than 60 days from the moment of filing of the claim to the Court.

**Article 11.     Submission of Documents at Court.**

All documents related to the initiation and conduct of arbitration hearing shall be submitted by the parties in triplicate unless otherwise determined by the General Secretary of the Court.

**Article 12.     Sending and Delivery of Documents.**

1.   The Secretariat of the Court shall ensure that all documents of case are sent to the parties at the addresses provided by the parties. Documents shall be sent to the last known addresses of the parties.

2.   Statements of claim, explanations on claims, decisions and definitions of the Court shall be sent by registered mail with an acknowledgment of receipt. Notices on date and venue of judicial session may be sent via telegraph with an acknowledgment of receipt.

3.   Other documents shall be sent via registered or ordinary mail, and be transmitted by fax, telegraph, teletype or e-mail.

4.   Any of the specified documents may be delivered to the parties in hand against acknowledgement in similar ways.

5.   Any written message or notice shall be deemed to be received if it is delivered to the party at his/her permanent address of residence or his/her postal address. When such addresses cannot be established by reasonable inquiries, the written message or notice shall be deemed to be received if it is sent to the last known address of residence or postal address of the party via registered mail or any other ways, provided that the attempt of delivery of this message or notice is registered.

6.   The message is deemed to be received on the day of the delivery carried out according to Paragraph 5 of this Article.

**Article 13.     Expenses Related to the Dispute Resolution at Court.**

1.The expenses related to dispute resolution at Court shall include:

•     The arbitration fee to be used for payment of fees to Arbitrators and President of the Court, remuneration to the Secretariat, reimbursement of expenses for logistics of arbitration hearing;

•     Additional expenses of the parties.

2. The amount of arbitration fee and composition of additional expenses of the parties related to arbitration hearing, and the procedures for their payment and allocation shall be established by the Rules of Arbitration Fee at Court which is an integral part of the Bylaws.

### III. PRINCIPLES OF ARBITRATION HEARING.

**Article 14.     Adversarial Nature and conclusiveness of The Parties to Arbitration Hearing.**

Hearing of disputes in Court shall be carried out on the basis of principles of dispositive motion and adversary procedure of the parties. Each party shall be obliged to prove those circumstances, which he/she refers to in substantiating his/her claims or objections.

**Article 15.     Independence and Impartiality of Arbitrators of Court.**

1. Arbitrators of Court shall be independent and impartial during performance of their duties. The arbitrator shall be subject to disqualification if he/she is directly or indirectly interested in the outcome of the case.

2. The Arbitrator of Court shall be obliged to notify the Court immediately of circumstances, which may cast grounded doubts over his/her impartiality and independence if such circumstances have arisen prior to the end of arbitration hearing.

**Article 16.     Equality of Parties.**

The resolution of dispute at the Court shall be carried out on the basis of equality of the parties. Either party shall be given equal opportunities to present their cases and protect their rights and interests.

**Article 17.     Confidentiality of Arbitration Hearing.**

1.   Arbitrators and employees of the Secretariat of the Court do not have the right to disclose the information that has become known to him/her during the arbitration hearing process without the consent of the parties to the arbitration hearing.

2.   The arbitration hearing shall be held in a closed judicial session, unless otherwise agreed by the parties.

3.   With the permission of the Court and the consent of the parties, persons who are not involved in the case may attend the closed judicial session.

**Article 18.     Assistance of Court to the Parties in Reaching a Peaceful Settlement.**

The Court shall assist the parties in settling their dispute by reaching a peaceful agreement provided that the peaceful agreement made by the parties shall not violate the rights and legitimate interests of other persons.

## IV. ARBITRATION HEARING.

**Article 19.     Presentation of Claim.**

1.   Processing at the Court shall begin with submission of the statement of claim.
The Claimant shall state his/her demands in his/her claim which is transferred or sent in writing to the Secretariat of the Court.

2.   Copies of the statement of claim, and documents attached to it may be sent by the Claimant to the Respondent or may be sent through the Secretariat of the Court. In case of transfer of documents to the Respondent through the Secretariat of the Court, the statement of claim and documents attached to it shall be provided by the Claimant in triplicate.

3.   Date of submission of the statement of claim shall be deemed to be the date of its delivery to the Court, and when sending it by mail – the date of stamp of the post office of the place of destination.

**Article 20.     The Contents of the Statement of Claim.**

1.   The statement of claim shall specify the following:
• Date of the statement of claim;
• · The names and locations of the organizations which are the parties to the arbitration hearing;

- Full names, dates and places of birth, and places of work of the individuals which are the parties to the arbitration hearing;
- Justification for the competence of the Court;
- Full name of the Arbitrator selected by the Claimant;
- Demands of the Claimant;
- Circumstances which provide the bases for the claims made by the Claimant;
- The evidence proving the demands of the Claimant;
- The value of the claim;
- Documents attached to the claim;

2.    The statement of claim shall be signed by the Claimant or his/her representative. If the statement of claim is signed by the representative of the Claimant, the power of attorney or other document certifying the powers of the representative shall be attached to the statement of claim.

3.    A copy of the document containing the agreement on referring the dispute to the Court for resolution, and a copy of the document confirming payment of arbitration fee shall be attached to the statement of claim.

**Article 21.    Elimination of Flaws in the Statement of Claim.**
1.    Having established that the statement of claim does not meet the requirements set by Article 20 of the Bylaws, the General Secretary of the Court shall eliminate the revealed faults in the statement of claim within 7 days from the moment of receipt of such proposal. If the faults in the statement of claim are eliminated within the established period of time, the date of its initial receipt at the Court shall be deemed to be the date of submission of the statement of claim. Before elimination of the above-mentioned faults, the statement of claim shall be considered to be left without progress.

2.    In case the Claimant is not able to eliminate the revealed faults within the period of time specified in Paragraph 1 of Article 21 of the Bylaws, the Court shall make a decision to return the statement of claim.

**Article 22.    The Notice of the Respondent and Selection of the Arbitrator by Him/Her.**
1.    After receipt of the statement of claim, the General Secretary of the Court shall notify the Respondent of it, send him/her a copy of the statement of claim along with the attached documents if they were not sent to him/her by the Claimant, the list of the Arbitrators of the Court, and the Bylaws of the Court, and invite the Respondent to present his objections to the declared claim demands or to challenge the competence of Court.

2.    The Respondent within 15 days from the moment of receipt of such notice shall inform the full name of the Arbitrator selected by him/her or make a request that the Arbitrator is appointed by the Chairperson of the Presidium of the Arbitration Chamber of Sports, the Presidium of the Court or the President of Arbitration Chamber of Sports and send a written response to the statement of claim to the Claimant.

**Article 23.    Formation of Panel of Court.**
1.    According to the general rules, the Court shall hear a dispute in a panel of three Arbitrators, unless the parties agreed that the case shall be heard by an individual Arbitrator.

2.    In case the parties agreed that the case shall be heard by an individual Arbitrator, he/she shall be appointed by the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports".

3. Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports" shall have the right to establish the individual hearing procedure of a case, if the nature, volume and complexity of the arisen dispute do not require a panel hearing, and appoint the Arbitrator to hear a dispute individually.

4. In case of a panel hearing of a case, the Claimant selects the Arbitrator when he/she submits the statement of claim to the Court, and the Respondent according to the procedures and time specified in Article 22 of the Bylaws.

5. If the Respondent fails to select an Arbitrator within the period of time specified in Article 22 of the Bylaws, Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports" shall appoint the Arbitrator on behalf of the Respondent.

6. After the parties select and/or appoint two Arbitrators, the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports" shall appoint the Presiding Arbitrator of the panel. The Chairperson of the panel shall be appointed from among the persons included in the list of Arbitrators of the Court, and shall have a higher legal education.

7. Two or more Claimants or two or more respondents shall select one Arbitrator unless otherwise agreed by the parties. If the Claimants and Respondents can not reach an agreement on the Arbitrators, the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports" shall appoint the Arbitrators for the parties.

**Article 24.     The Grounds for Challenge of Arbitrator of Court, Expert, and Translator and Procedures for Challenge**

1. The Arbitrator of Court may be challenged in case of failure to meet the requirements stipulated in Article 4 of the Bylaws.

2. Either party has the right to challenge the Arbitrator, Chairperson of the panel, individual Arbitrator, and all members of the panel, if there are doubts over their impartiality and independence, and he appears to have a personal interest in the outcome of the case directly or indirectly. The Arbitrator, Chairperson of Panel or the individual Arbitrator may also recuse themselves in the above-mentioned circumstances.

3. The declaration of challenge shall be made prior to the beginning of hearing. Such challenge made later shall be considered only if the Panel of the Court recognizes the reason for the delay of challenge as valid.

4. The issue of challenge of the Chairperson of the Panel of Court or the Arbitrator shall be decided by other Arbitrators of Panel of Court during the arbitration hearing by a majority of votes. In case of a tie between yes and no votes, the Arbitrator shall be deemed to be disqualified.

5. Issues related to the challenge of an Arbitrator, who is hearing the case individually, or the challenge of all members of the Panel of the Court, shall be decided by the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports".

6. The request for challenge of an Arbitrator may not be submitted repeatedly on the same grounds by the same party.

7. Experts and translators may be disqualified on the same grounds specified in Paragraph 2 of this Article. In this case, the issue of challenge shall be decided by the Panel of the Court.

### Article 25.    The Termination of Power of the Arbitrator of Court.

1. The power of the Arbitrator of Court may be terminated in connection with his/her recusal as an Arbitrator or challenge of the Arbitrator on the grounds stipulated by Article 24 of the Bylaws.

2. The grounds for the termination of powers of the Arbitrator of Court according to the agreement between the parties, and for refusal of the Arbitrator are the legal incapacity of the Arbitrator to participate in hearing of the dispute, and other reasons for which the Arbitrator does not participate in hearing of the dispute for an unreasonably long term.

3. If the Chairperson of the Panel of Court, the Arbitrator or the individual Arbitrator cannot participate in hearing of a case or in case of the termination of powers of the Arbitrator, other Chairperson of the Panel of Court, the Arbitrator or the individual Arbitrator shall be appointed by the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports". In case of necessity and in consideration of opinions of the parties, the Panel of Court may reconsider issues which were already heard at the previous sessions of the case, held before replacement.

### Article 26.    Preparation for Case Hearing.

1. The Chairperson of the Panel of Court or the Individual Arbitrator shall check the status of preparation of a case for hearing and if it is deemed necessary, take additional measures of preparation of a case, in particular, shall demand from the parties written explanations, evidence and other additional documents. If the Court takes additional measures on preparation of a case, it may establish the term within which these additional requirements shall be satisfied.

2. The Chairperson of the Panel of Court or the Arbitrator may give the General Secretary of the Court special orders in connection with the preparation and conduct of case hearing.

3. Preparation of a case for proceeding shall be completed on time, not exceeding 14 days from the moment of formation of the Panel of Court.

4. After recognizing the completion of the preparation of a case, the Chairperson of the Panel of Court shall render a decision on assignment of the case to the Court hearing.

### Article 27.    Powers of Court to Order Provisional Measures

1. The Court may at the request of any party order any party to take any provisional measures concerning the subject-matter of the dispute which it considers necessary. It may demand from any party to provide the relevant support in connection with such measures.

2. The Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports" shall render a determination on taking provisional measures.

3. In case when the party applies to the competent court with the request for satisfaction of the claim submitted to the Court or heard at the Court, and/or rendering by the competent court of a determination about satisfaction of this claim or rejection to satisfy the claim, the party shall notify the Court of it immediately.

### Article 28.    Participation of the Parties in Court Session.

1. The parties may bring their cases in the Court directly or through duly authorized representatives appointed by the parties at their own discretion.

2. Failure to present by the party documents or other materials, and absence of the parties or their representatives who were duly notified of time and venue of the arbitration session, shall not constitute an obstacle for arbitration hearing and decision-making by the Court unless the absent party does not ask to adjourn the hearing before the end of hearing for a valid reason.

3. Failure to present objections to the claims by the Respondent shall not be considered to be recognition of claims of the Claimant.

4. The party may ask for hearing of case in his/her absence.

### Article 29.    Counterclaims.
1. Within the period of time specified in Paragraph 2 of Article 22 of the Bylaws, the Respondent shall have the right to present the counterclaim arisen from same legal relations, provided that there is a connection between the counterclaim and claims of the Claimant.
If due to unreasonable delay in presenting the counterclaim by the Respondent, the arbitration hearing is delayed, the reimbursement of additional expenses of the Court and other party caused by this delay may be charged to the respondent.

The Panel of Court may consider the presentation of the counterclaim as inexpedient in view of the allowed delay.

2. The counterclaim shall meet the same requirements as for the initial claim.

### Article 30.    Evidence.
1. The parties shall prove those circumstances to which they refer as the basis for their claims or objections. The Panel of Court shall have the right to demand the parties to present supplementary evidence in order to provide the grounds for their requirements or objections. He/she shall have the right to ask at his/her own discretion presentation of evidence by the third parties, to call and hear witnesses.

2. The parties shall present written evidence in original or in copies of originals certified by them. If necessary the Court shall have the right to request the parties to provide original documents.

3. Verification of evidence shall be carried out in the manner established by the Panel of Court.

4. The evaluation of evidence shall be carried out by Arbitrators according to their moral certainty based on thorough, full and objective examination of evidence contained in the case.

### Article 31.    Participation of the Third Parties.
The participation of the third parties in the arbitration hearing shall be allowed only with the consents of the disputing parties. In calling the third party to hearing, not only the consent of the parties, but also the consent of the person involved shall be required. The request for calling the third party shall be allowed only until the expiry of the term specified in Paragraph 2 of Article 22 of the Bylaws. The consent for calling the third party shall be expressed in writing.

### Article 32.    Assignment of Expert.
1. The Court may appoint an expert to clarify the issues arising during the resolution of dispute, and demanding special knowledge, and to demand any of the parties to present documents, other materials or things necessary for examination.

2.  If the expert's examination is carried out according to the request of one of the parties, the costs for the expert's examination shall be born by the party who made such request for expert's examination.

## V. Decision of Court.

**Article 33.    Binding Decision of Court.**
1.  The parties who concluded an arbitration agreement shall assume liability to implement the decision of the Court voluntarily.

2.  Decision made by the Court within the limits of its competence excludes an opportunity to make a claim for the same subject-matter and on the same grounds to an arbitration court of a general jurisdiction.

**Article 34.    Decision-Making by Court.**
1.  The court shall make a decision in writing and specify the grounds on which this decision is based.

2.  The resolution part of the decision shall be read out by the Court orally. Within 10 days from the date when it is made, the grounded decision shall be delivered to the parties in writing.

3.  The Panel of Court, in the end of oral hearing, may decide that the decision of Court without oral announcement of its resolution part will be delivered to the parties within a period of time not exceeding 14 days.

4.  The Panel of Court may hold an additional hearing if it is needed to ensure the correct resolution of the dispute and the resolution part of the decision has not been declared yet to the parties.

5.  Date of decision-making by the Court shall be considered to be the date of finalization of the decision.

**Article 35.    Settlement of Dispute Through a Peaceful Agreement**
1.  A peaceful agreement may be reached by the parties at any stage of the arbitration hearing.

2.  At the request of the parties, the Court may make a determination on endorsing the written peaceful agreement.

**Article 36.    Addition, Explanation and Correction of the Decision.**
1. Having notified other party, any of the parties may, within 10 days after receipt of the decision, apply to the Court with a request for an additional decision concerning the demands which have been claimed during the arbitration hearing, but have not been reflected in the decision.

The said request shall be considered by the Panel of the Court which resolved the dispute within 10 days after receiving it. As a result of consideration of the request, either an additional decision or determination on refusal to satisfy the request for an additional decision shall be made.
2. Having notified the other party, any of the parties may, within 10 days after receipt of the decision, apply to the Court with a request for an explanation of the decision.

The said request shall be considered by the Panel of the Court, which resolved the dispute, within 10 days after receiving it.

3. Errors, typos and arithmetic errors in the text of the decision, which do not affect the essence of the case, may be corrected by a determination of the Court at the request of any of the parties or at the initiative of the Court.

4. The additional decision, determination on an explanation of the decision or determination on correction of errors, typos and arithmetic mistakes shall be components of the decision.

### Article 37.    Determination of Court.
With regards to the matters which do not affect the essence of dispute, the Court issues determinations.

### Article 38.    Adjournment of Hearing and Stay in Processing.
If necessary, according to the requests of the parties or the initiative of the Court, hearing of a case may be postponed or suspended, and determinations shall be issued on it.

### Article 39.    Termination of Arbitration Hearing.
1. The Court shall issue a determination about the termination of an arbitration hearing, if:
• The Claimant withdraws his claims unless the Respondent declares an objection to the termination of arbitration hearing because he has legitimate interests in the resolution of the dispute by the subject matter;
• The parties have reached an agreement on the termination of arbitration hearing;
• The court has issued a determination on lack of competence to consider the dispute referred to it for resolution;
• The organization which is a party of arbitration hearing is liquidated;
• The physical person or the citizen - businessman, who is a party of arbitration trial, has died or been declared to be dead or be missing without trace;
• There is a decision of the court of general jurisdiction, arbitration court or the Court which entered into force and made on dispute between the same parties, on the same subject-matter and on the same grounds;
• Lack of conditions necessary for consideration and resolution of the case in essence, including a case where due to inaction of the Claimant, the case was on hold for more than three months;

2. Articles 33, 34 and 36 of the Bylaws are applied to the determination on the termination of arbitration hearing accordingly.

### Article 40.    The Minutes of Session of Court.
1. Unless otherwise agreed by the parties, the course of session shall be recorded.

2. The minutes shall contain: the name of Court, file number, venue of session, the names of the disputing parties and their representatives, attendance of the parties, surnames of Arbitrators, presenter, experts, witnesses, translators and other participants of session, the brief description of the course of session, the claims of the parties and statements of other important requests of the parties, the indication of the grounds of adjournment of session or termination of processing, and the signatures of Arbitrators.

3. The parties shall have the right to study the contents of the minutes.

### Article 41.    Publishing of Decisions.
With the permission of the Presidium of the Arbitration Chamber of Sports, the Court decisions shall be published as a separate collection or in periodicals.

**Article 42.    Storage of Files.**
The case heard by the Court shall be kept at this court for 5 years from the date of decision.

## VI. ENFORCEMENT OF THE DECISION OF COURT.

**Article 43. The Procedures of Enforcement of the Decision of Court.**
1.  The decision of Court shall be final and be implemented voluntarily according to procedures and terms established in the decision.

2.  If the term of execution is not established, it is subject to immediate enforcement.
The decision of the Court which has been not executed voluntarily in the specified term shall be enforced according to the Law.

