IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOSCOW DYNAMO | * |
|     Petitioner | * |
| v. | *   CIVIL ACTION NO. |
| ALEXANDER M. OVECHKIN | * |
|     Respondent | * |

\* \* \* \*      \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO SHORTEN TIME

Petitioner Moscow Dynamo files this memorandum in support of its Motion to Shorten Time.

## ARGUMENT

On October 21, 2005, the Arbitration Committee of the Russian Ice Hockey Federation and Professional Hockey League rendered an award **immediately** enjoining respondent Alexander Ovechkin ("Ovechkin") from working for any professional hockey club other than Moscow Dynamo until his contract with Moscow Dynamo expires by its terms on April 30, 2006 (the "Award"). A copy of a certified translation of the Award is attached to petitioner Moscow Dynamo's Petition for Confirmation of Arbitration Award and for Permanent Injunctive Relief (the "petition," filed concurrently herewith) as Exhibit D. Ovechkin has refused to comply with the injunction, and given that each day that Ovechkin refuses to comply causes significant harm to Moscow Dynamo, a minimum amount of time should pass between the filing of the petition and this Court's confirmation of the Award and entrance of a permanent injunction.

#488654v.1

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 3 U.S.T. 2517, T.A.A.S. No. 6957, 330 U.N.T.S. 38 [1970], republished at 9 U.S.C.A. § 201 Note (the "Convention"), applies to the Award and the enforcement of the Award in the United States. Chapter 2 of the Federal Arbitration Act ("FAA") provides the mechanism for enforcement of awards under the Convention.

9 U.S.C. § 208 provides that Chapter 1 of the Federal Arbitration Act (9 U.S.C. §§ 1 to 16) "applies to actions and proceedings brought under [Chapter 2] to the extent that [Chapter 1] is not in conflict with [Chapter 2] or the Convention as ratified by the United States." The Convention does not state how a petition to confirm an arbitration award should be treated by the jurisdiction in which the award is to be enforced, therefore, Chapter 1 of the Federal Arbitration Act controls the procedure by which a petition is to be confirmed.

Pursuant to 9 U.S.C. § 6, proceedings to confirm an arbitration award are summary in nature, and any application to the Court for confirmation "shall be made and heard in the manner provided by law for the making and hearing of motions . . . ." *See Imperial Ethiopian Government v. Baruch-Foster Corp.*, 535 F.2d 334, 335 (5th Cir. 1976) (to advance the objectives of the Convention, "the implementing legislation prescribed a summary procedure in the nature of federal motion practice to expedite petitions for confirmations of foreign arbitral awards"). In this case, following the normal track for scheduling motions and a hearing will cause Moscow Dynamo to be severely and unduly harmed. It is critical to Moscow Dynamo that the award be confirmed with all due speed, as each game that Ovechkin plays for the Washington

#488654v.1                              5

Capitals weakens the effect of the Award and is in gross derogation of Moscow Dynamo's contractual rights.

This Court has the inherent power to control its calendar and the power to shorten time to hear motions under Fed. R. Civ. P. 6(d). Under the circumstances, five days is a sufficient amount of time for Ovechkin to file his response to the petition, if he chooses to file a response. In addition, in the event that a Court determines that a hearing is necessary, Moscow Dynamo respectfully suggests that one be scheduled within ten days of the Court's receipt of this motion, to permit a prompt resolution of any issues that Ovechkin may raise in opposition to the petition's confirmation by this Court.

## **CONCLUSION**

For the foregoing reasons, petitioner Moscow Dynamo respectfully requests that its Motion to Shorten Time be granted.

_____
William C. Sammons
William S. Heyman, Bar No. 473451
Toyja E. Kelley, Bar No. 482977
Tydings & Rosenberg LLP
  100 East Pratt Street, 26th Floor
  Baltimore, Maryland  21202
  (410) 752-9700

Attorneys for Petitioner

#488654v.1                                                     6