# RESPONSE  EXHIBIT  A

### RULES
#### of the Arbitration Committee
#### of the Russian Ice Hockey Federation and Professional Hockey League
#### (AC of the RIHF and PHL)

## 1. GENERAL PROVISIONS

**Article 1.      About the Arbitration Committee of the RIHF and PHL.**
The Arbitration Committee of the RIHF and PHL (hereinafter to be referred to as the "Arbitration Committee") is the joint collegial body of the RIHF and PHL.

In its activities, the Arbitration Committee shall strictly adhere to the current Russian legislation, local statutory acts and other regulations and official documents of the IIHF, RIHF and PHL.

**Article 2.      The Functions of the Arbitration Committee.**
The functions of the Arbitration Committee are to hear and settle in a due and timely manner all disputes arising in the area of Russian hockey, including those of material character, except for the disputes related to refereeing and interpretation of the Hockey Rules of Play.

Arbitration process must promote the strengthening of discipline and order in relations among all persons of domestic hockey, and development of a respectful attitude to the requirements established in hockey by its governing bodies.

**Article 3.      The Right to Apply to the Arbitration Committee.**
Any interested person working in the area of Russian hockey shall have the right to apply to the Arbitration Committee for protection of their violated or disputed rights under the procedures established by the Rules.

**Article 4.      Binding Awards of the Arbitration Committee.**
The awards of the Arbitration Committee that come into effect shall be binding upon all persons of Russian hockey, without exception (players, coaches, judges, legal persons – the organizations which are carrying out their activities in the area of hockey, as well as officials of the RIHF, PHL and clubs).

## 2. COMPOSITION OF THE ARBITRATION COMMITTEE

**Article 5.      Numerical Composition.**
The Arbitration Committee shall consist of six persons. The fixed number of members of the Committee shall include the Chairperson and the Secretary.

**Article 6.      Appointment and Confirmation of Members of the Committee.**
Members of the Committee shall be appointed and confirmed by the meetings of the Executive Committee of the RIHF and Board of Presidents of the PHL. The Chairperson of the Arbitration Committee shall be appointed by the President of the Russian Ice Hockey Federation.

## 3. SESSIONS OF THE ARBITRATION COMMITTEE

**Article 7.      Decision-Making Procedures.**
The Session of the Arbitration Committee shall have a quorum, if more than half of the Members of the Committee are present.
Decisions shall be taken by the majority of votes and made in writing. In case of a tie vote



the Chairperson shall cast the deciding vote.

A member of the Arbitration Committee shall have no right to abstain from voting when taking a decision on each issue. The presiding member shall vote last. A member of the Arbitration Committee who does not agree with the decision of the majority may state his/her special opinion in writing. The special opinion shall be attached to the case file, but shall not be disclosed at the session.

### Article 8.    Challenge of Members of the Arbitration Committee
The persons participating in the hearing of a claim shall have the right to challenge any Member of the Arbitration Committee if he/she is personally, directly or indirectly interested in the outcome of the case, or has other circumstances which raise questions about his/her impartiality.

### Article 9.    Procedures for Accepting a Challenge
In case of a challenge, the Arbitration Committee shall hear the opinions of the persons participating in the session, and also hear the Member of the Arbitration Committee who was challenged, if the challenged Member wants to give explanations.

The challenge shall be ruled on by other members of the Arbitration Committee in the absence of the challenged Member. In case of a tie between yes and no votes, the Member of Arbitration Committee shall be considered to be challenged.

The challenge of several members of the Arbitration Committee shall be accepted by the Committee in its full composition by a simple majority of votes.

In case of a challenge of more than half of the listed members of the Arbitration Committee, the matter shall be left to the discretion of the Court of Arbitration for Sports of the Independent Non-Commercial Organization "Arbitration Chamber of Sports" which hears it according to the procedures of the Court of Arbitration.

### Article 10.    Initiation of a Dispute Resolution Process
For hearing of a disputed matter at the Arbitration Committee, persons involved in hockey activities shall submit the following documents:
—    A claim in writing;
—    Documents or certified copies of documents related to the matter stated in the claim;
—    A receipt confirming payment of 10,000 (Ten thousand) Rubles as a fee for hearing of the claim transferred to the current account of the PHL;
—    Other materials required for hearing of the claim, the list of which shall be determined by the Arbitration Committee for each dispute and shall be notified to the Claimant;
-    Contracts of hockey players and confidential appendices to them, not registered with the PHL.

### Article 11.  Preparation of Matter for Arbitration Hearing.
In preparation of the case for hearing, the Secretary of the Arbitration Committee shall:
—    Notify the interested parties of the time, date and venue of the case hearing;
—    Deliver or present a copy of the claim to the opposite party;
—    If requested by either party, appoint an appropriate expert to carry out an examination at the expense of the party initiating the request;
—    Suggest the opposite party to submit within due period of time written explanations or counterclaims to the submitted claim or to present evidence to substantiate his/her counterclaims.

Failure by the Respondent to submit the written explanations and proof in the event absence at the arbitration hearing does not preclude the arbitration committee from

consideration of a case based on the available materials.

If the Claimant demands compensation, the claim shall contain a calculation of compensation. In its decision, the Arbitration Committee shall be entitled to reduce or increase the amount of compensation.

### Article 12. Field Hearing.
In exceptional cases, where the interested parties are not able to appear at a session of the Arbitration Committee, the Arbitration Committee may hold a field hearing. Travel expenses of members of the Arbitration Committee shall be born by the Claimant.

## 4. PROCESSES OF THE ARBITRATION COMMITTEE

### Article 13.    Preparation of a Case for Hearing.
Upon receipt of the claim, the Arbitration Committee shall note the time and date of submission on the claim.

Upon receipt of the claim, the Arbitration Committee shall define whether it contains sufficient information required for determining the subject matter of the dispute. Otherwise, the Claimant shall be requested to provide additional information. If a claim does not enable the Committee to determine what the dispute is about, then it will be rejected.

If a claim meets all requirements, the case shall be assigned for hearing within 10 days.

A claim and all written materials related to a dispute shall be accessible to all parties participating in the case and to members of the Arbitration Committee for study prior to the hearing of a case.

### Article 14.    Beginning of Hearing of a Case by Subject Matter.
Hearing of a case by subject matter shall begin with a report of the Presiding Member concerning the case. Then the Presiding Member shall ask whether the Claimant supports his/her claims, whether the Respondent accepts the claims of the Claimant, and whether the parties want to settle the dispute peacefully.

### Article 15.    Explanations of Persons Involved in a Case.
After a report on the case, the Arbitration Committee hears explanations of the Claimant and/or the third party attending the hearing on his/her side, the Respondent and/or the third party participating on his/her side, and then other persons involved in the case.

Persons involved in a case shall have the right to ask each other questions. Members of the Arbitration Committee shall have the right to put questions to the persons involved in a case at any time during their presentations.

Written explanations of persons involved in a case, as well as the explanations obtained by the Arbitration Committee at its own initiative, shall be presented by the Presiding Member.

### Article 16.    Questioning of Witnesses.
Each witness shall be questioned separately. Witnesses who have not been questioned in session may not be in the room where hearing of the case is being held.

### Article 17.    Examination of Written Evidence.
Written evidence shall be presented at a session and shown to persons involved in the case, their representatives, and if necessary - to experts, specialists and witnesses, after which persons involved in the case may give explanations.

**Article 18.    Adjournment of Case Hearing.**
Adjournment of a case hearing shall be allowed if the Arbitration Committee considers it impossible to hear the case at the session due to absence of any of the persons involved in the case, their representatives, witnesses, experts, specialists, presentation of a counterclaim, necessity for calling new evidence, etc.

**Article 19.    Award on the Claim.**
A decision of the Arbitration Committee shall be issued in the form of an award which must be lawful and grounded.

After expelling all persons affected by the dispute from the room, the Arbitration Committee shall make a decision on the established circumstances relevant to the case.

After establishing the circumstances, the Arbitration Committee shall make a decision regarding the existence of the fact of violation and the nature of violation. After a decision of the Arbitration Committee on established circumstances and applied rules is made and written down, the Committee shall invite persons involved in the case to the room and read the established facts, the decision and its ground to them.

A fee for hearing of claim – 10,000 (Ten thousand) Rubles may be collected from the unsuccessful party to the dispute by a decision of the Arbitration Committee.

Each party involved in the dispute shall have the right to receive a copy of the award signed by the Chairperson of the Arbitration Committee. The original of the award shall be placed in the file of the Arbitration Committee.

**Article 20.    Appeal of Award of the Arbitration Committee.**
A complaint with respect to an award of the Arbitration Committee may be submitted to the Court of Arbitration for Sports of the Independent Non-Commercial Organization "Arbitration Chamber of Sports" within seven days after issuance of the award in its final form and the Court of Arbitration for Sports shall hear it according to the procedures of the Court of Arbitration.

**Article 21.    Coming into Effect of the Award.**
An award of the Arbitration Committee shall come into effect after expiry of the appeal period if it has not been appealed to the Court of Arbitration for Sports of the Independent Non-Commercial Organization "Arbitration Chamber of Sports" according to the established procedures.

In case of submission of an appeal, an award of the Arbitration Committee, if it is not invalidated, shall come into effect after review of the case at the Court of Arbitration for Sports of the Independent Non-Commercial Organization "Arbitration Chamber of Sports".

**Article 22.    The Right of the Arbitration Committee to Immediate Enforcement of the Award.**
The Arbitration Committee may make the award enforceable immediately in whole or in part if, as a result of special circumstances, delay in enforcement of the award may lead to significant damage to the prevailing party or enforcement may become impossible.

**Article 23.    Implementation of Award and Liability for Default.**
An award of the Arbitration Committee shall be implemented within 10 days. In case of failure to implement an award during this term, the guilty person or club shall be obliged to make a lump sum payment to the PHL in the amount of 20,000 (Twenty thousand) Rubles which shall be paid within five banking days. In case of failure to implement this decision, the

guilty person or club shall be obliged to make an additional payment to the PHL in the amount of 40,000 (Forty thousand) Rubles. Simultaneously, the Arbitration Committee shall declare a motion to disqualify the club from official Russian hockey competitions and other important events at the next session of the Board of Presidents, PHL.

If any member of the Arbitration Committee is insulted during performance of their duties, the guilty person shall be obliged to make a lump sum payment in the amount of 20,000 (Twenty thousand) Rubles to the settlement account of the PHL within five banking days.

**RULES**
**of the Court of Arbitration for Sports**
**of the Independent Noncommercial Organization**
**"Arbitration Chamber of Sports"**

**Article 1.**
1.    Court of Arbitration for Sports of the Independent Noncommercial Organization "Arbitration Chamber of Sports" (hereinafter to be referred to as the "Court of Arbitration for Sports") is an independent and permanent arbitration court that hears disputes arising in the area of physical education and sports by means of arbitration.

2.    The Court of Arbitration for Sports was founded by the decision of the Independent Noncommercial Organization "Arbitration Chamber of Sports" dated June 10, 2003 and operates according to the current legislation, in particular, the Federal Law on Arbitration Courts in the Russian Federation.

**Article 2.**
1.    The Court of Arbitration for Sports consisting of independent arbitration judges (hereinafter to be referred to as Arbitrators), provides for the settlement of disputes, arising in the area of physical education and sports, by hearing of the case with a panel consisting of one or three Arbitrators.

2.    On the basis of agreement, the parties may refer to the Court of Arbitration for Sports disputes arising during performance of activities by physical and legal persons in the field of physical education and sports, including disputes arising out of Statutes, Rules, Bylaws and other documents of physical education and sport organizations which regulate the rules of championships, cups and other competitions in the Russian Federation, disputes related to definition of the status and procedure of transfers of sportsmen (players), disputes related to abuse by sportsmen of prohibited substances and preparations (doping), and any other disputes arising in the field of physical education and sports.

3.    Arbitration hearing shall be called to ensure:
•    Protection of the rights and interests of persons of sport activities protected by the law;
•    Promptness and efficiency of procedure for dispute resolution;
•    Qualified hearing of sport disputes by experts experienced in resolution of disputes in the field of sports and essential legal knowledge;
•    Issuance of awards made not only under to the current legislation, but also on the basis of the general principles of fairness, common sense, practice and customs developed in the field of sports;
•    Study and consolidation of international and domestic legal practice in the field of sports and development of recommendations on regulation of legal issues related to sport activities.

**Article 3.**
For the purpose of the Rules, physical persons who are carrying out activities in the field of sports are understood as sportsmen - amateurs, sportsmen of high level, sportsmen - professionals, coaches, experts, and other workers of physical education-sport organizations.

Legal persons who are carrying out activities in the field of sports are understood as physical education-sport organizations of any corporate and legal forms and types of ownership, and all other organizations which are carrying out activities in the field of sports, specified in regulatory and legal acts of the Russian Federation, acts of the international Olympic and sport movement.

**Article 4.**

1.      The Court of Arbitration for Sports shall accept disputes between the parties for hearing only if there is an arbitration agreement on referring the dispute to Court of Arbitration for Sports.

2.      An agreement between the parties on referring the dispute to the Court of Arbitration for Sports may be related to a certain dispute of certain categories or all, without exception, disputes which have arisen or may arise between the parties.

3.      An arbitration agreement shall be made in writing by drawing up a separate agreement or including it in the contract or other document signed by the parties, and through correspondence, telegraph, teletype, other means of electronic or other communication facilitating establishment of such agreement.

4.      An arbitration agreement on referring disputes to the Court of Arbitration for Sports may be included in organizational documents (Statutes, Bylaws and Rules of Competitions, etc.) of physical education-sport organizations which are cited in contracts or other documents of the parties to the arbitration hearing.

5.      An arbitration agreement on the resolution of disputes under the contract, conditions of which have been determined by one of the parties in set forms or other standard forms and may be accepted by the other party by joining in the proposed contract as a whole, shall be effective if such agreement is concluded after occurrence of the ground for submission of a claim.

6.      An agreement on referring a dispute to the Court of Arbitration for Sports shall be effective where the Court of Arbitration for Sports nullifies the contract during arbitration hearing.

7.      The parties to an arbitration agreement shall not be entitled to withdraw from it unilaterally.

**Article 5.**

1.      The seat of the Court of Arbitration for Sports and the venue of hearings are in Moscow City.

2.      The panel of the Court of Arbitration for Sports shall be entitled to hold hearings of disputes in another place outside of Moscow within the Russian Federation or abroad, at the request of the parties or at its own initiative if it is required by the circumstances of the case or it will facilitate faster, more effective, qualified and cost-effective hearing for the parties. Additional expenses for holding a hearing of a case outside of Moscow City shall be born by the parties.

**Article 6.**

1.      Hearing of disputes at the Court of Arbitration for Sports shall be carried out on the basis of principles of dispositive motion and adversary process of the parties. Each party shall be given equal opportunities to present their claims and protect their rights.

2.     Arbitrators of the Court of Arbitration for Sports are independent and impartial in performance of their duties. The arbitrator shall be subject to disqualification in case he/she is directly or indirectly interested in outcome of the case.

3.     An arbitration hearing shall be conducted in Russian. If a party does not speak the language in which the arbitration hearing is conducted, the Court of Arbitration for Sports shall provide the party with a translator/interpreter on the basis of a request of the party at his/her expense. If any document is made in other language, than the language of arbitration hearing, and the translation of this document is not provided by the party submitting the document, the Court of Arbitration for Sports may order this party to provide the relevant translation.

4.     An arbitration hearing shall be held in a closed judicial session if the parties to the arbitration hearing have not agreed in other ways. With the permission of the Court of Arbitration for Sports and the consents of the parties persons who are not involved in the case may attend the closed judicial session. Publishing of the full text of an award of the Court of Arbitration in press or Internet shall be allowed by a written agreement between the parties of the arbitration hearing.

**Article 7.**
1.     Arbitrators of the Court of Arbitration for Sports may be physical persons with essential knowledge for resolution of disputes related to the competence of the Court of Arbitration for Sports and those included in the List of Arbitrators of the Court of Arbitration for Sports.

2.     Arbitrators of the Court of Arbitration for Sports shall be independent and impartial in performance of their duties. In case there are grounds for casting doubts over the independence and impartiality of the arbitrator, he/she shall be subject to disqualification.

3.     The arbitrator of the Court of Arbitration for Sports considering a dispute individually shall have a higher legal education. In case a dispute is subject to consideration by a panel of court, the Chairperson of the Court of Arbitration for Sports shall have a higher legal education.

The additional requirements for qualification of the arbitrator of the Court of Arbitration for Sports.

4.     The list of Arbitrators of the Court of Arbitration for Sports shall be approved by the decision of the Presidium of INO "Arbitration Chamber of Sports".

5.     The disputing parties may select the arbitrator for dispute resolution only from among the persons included in the List of Arbitrators of the Court of Arbitration for Sports.

**Article 8.**
1.     According to the general rules, the Court of Arbitration for Sports shall hear a dispute in a panel of three Arbitrators, unless the parties agreed that the case shall be heard by an individual Arbitrator.

2.     In case the parties agreed that the case shall be heard by an individual Arbitrator, he/she shall be appointed by the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports".

3.     Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports" shall have the right to establish the individual hearing procedure of a case, if the nature, volume and complexity of the

dispute does not require panel hearing. In this case he/she shall appoint the arbitrator to hear a dispute individually.

**Article 9.**
1.    If under an agreement of the parties or under a decision of the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports", a dispute is subject to individual hearing by the Arbitrator, the Arbitrator to hear the dispute shall be appointed by the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports".

2.    If a dispute is subject to hearing by the Court of Arbitration for Sports in a panel of three Arbitrators, each party selects one Arbitrator, and the Presiding Arbitrator of the panel shall be appointed by the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports".

**Article 10.**
1.    An award of the Court of Arbitration for Sports shall be binding upon the parties to the arbitration hearing. The parties which concluded an arbitration agreement shall accept a duty to implement the award of the Court of Arbitration for Sports voluntarily.

2.    Coercive enforcement of an award of the Court of Arbitration for Sports shall be carried out in accordance with the procedures, established by the civil procedure or arbitration procedure legislation, and the legislation of the Russian Federation on enforcement procedures.

3.    The parties to an arbitration hearing shall have the right to provide in their arbitration agreement that the award of the Court of Arbitration for Sports shall be final and shall not be subject to an appeal to the competent court of law under the current legislation. In the absence of such condition, the parties shall have the right to appeal the award of the Court of Arbitration for Sports according to the established procedures.

**Article 11.**
1.    The President and Vice-Presidents of the Court of Arbitration for Sports shall be appointed for a term of four years by the decision of the Presidium, INO "Arbitration Chamber of Sports" from among the persons included in the List of Arbitrators of the Court of Arbitration for Sports.

2.    The case processing at the Court of Arbitration for Sports shall be carried out by the Secretariat headed by the General Secretary of the Court of Arbitration for Sports and appointed by the decision of the Presidium, INO "Arbitration Chamber of Sports".

3.    The Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President and Vice-Presidents of the Court of Arbitration for Sports and the General Secretary of the Court of Arbitration for Sports shall comprise the Presidium of the Court of Arbitration for Sports.

The Presidium of the Court of Arbitration for Sports shall hear all issues related to the activities of the Court of Arbitration for Sports.

**Article 12.**
1.    The procedures of hearing and resolution of cases at the Court of Arbitration for Sports shall be defined by the Bylaws of the Court of Arbitration for Sports approved by the decision of the Presidium, INO "Arbitration Chamber of Sports".

2.      The procedures for estimation and allocation of arbitration fees and expenses shall be established by the Rules of Arbitration Fees and Expenses approved by the decision of the Presidium, INO "Arbitration Chamber of Sports".



# THE BYLAWS
## OF THE COURT OF ARBITRATION FOR SPORTS

### of the Independent Noncommercial Organization
### "Arbitration Chamber of Sports"
### Adopted by the Independent Noncommercial Organization
### "Arbitration Chamber of Sports" on June 10, 2003.
### and came into effect from July 01, 2003.

## 1.  GENERAL PROVISIONS

**Article 1.     Definition of the Procedures and Rules for Arbitration Hearings.**

1.     Court of Arbitration for Sports of the Independent Noncommercial Organization "Arbitration Chamber of Sports" (hereinafter to be referred to as the "Court") is an independent and permanent arbitration court that hears disputes arising in the area of physical education and sports by means of arbitration.

2.     The Court of Arbitration for Sports was founded by the decision of the Independent Noncommercial Organization "Arbitration Chamber of Sports" dated June 10, 2003 and operates according to the current legislation, in particular, the Federal Law on Arbitration Courts in the Russian Federation.

3.     The procedures of organization and activities of the Court and the rules of arbitration hearing are defined by the Federal Law on Arbitration Courts in the Russian Federation, the Federal Law on Court of Arbitration for Sports of the Independent Noncommercial Organization "Arbitration Chamber of Sports" and the Bylaws.

4.     The Independent Noncommercial Organization "Arbitration Chamber of Sports" adopts the Rules of the Court of Arbitration for Sports of the Independent Noncommercial Organization "Arbitration Chamber of Sports", the Bylaws of the Court of Arbitration for Sports, and Rules of Arbitration Fees and Expenses at the Court of Arbitration for Sports and the List of Arbitrators of the Court of Arbitration for Sports.

**Article 2.     Competence of Court**

1.     The Court of Arbitration for Sports consisting of independent arbitration judges (hereinafter to be referred to as Arbitrators), provides for the settlement of disputes, arising in the area of physical education and sports, by hearing of the case with a panel consisting of one or three Arbitrators.

2.     On the basis of agreement, the parties may refer to the Court of Arbitration for Sports disputes arising during performance of activities by physical and legal persons in the field of physical education and sports, including:

-     The disputes concerning the property rights and interests of the persons of sport activities, including disputes related to definition of the status and procedure of transfers of sportsmen (players), disputes arising out of the agency activities and other property disputes;

-     The disputes connected to the appeal of actions and decisions of the physical education-sport organizations of any corporate and legal forms and types of ownership, and all other organizations which are carrying out activities in the field of sports;

-     The disputes related to abuse by sportsmen of prohibited substances and preparations (doping);

-     Any other disputes arising in the field of physical education and sports.

3.   The Court shall have the right to hear the disputes connected to the appeal of actions and decisions of the physical education-sport organizations only if the interested person has exhausted all legal means of protection of his/her violated rights and legitimate interests provided by the physical education-sport organizations whose decisions and actions are appealed to the Court.

4.   The issue of the jurisdiction of the Court over a certain dispute shall be resolved by a panel of the Court hearing the case.

**Article 3.      Arbitration Agreement**
1.   The Court shall accept for hearing the disputes between the parties only if there is an arbitration agreement on referring the dispute to the Court for hearing.

2.   An agreement between the parties on referring the dispute to the Court may be related to a certain dispute of certain categories or all, without exception, disputes which have arisen or may arise between the parties.

3.   An arbitration agreement shall be made in writing by drawing up a separate agreement or including it in the contract or other document signed by the parties, and through correspondence, telegraph, teletype, other means of electronic or other communication facilitating establishment of such agreement.

4.   An arbitration agreement on referring disputes to the Court may be included in organizational documents (Statutes, Bylaws and Rules of Competitions, etc.) of physical education-sport organizations which are cited in contracts or other documents of the parties to the arbitration hearing.

5.   An arbitration agreement on the resolution of disputes under the contract, conditions of which have been determined by one of the parties in set forms or other standard forms and may be accepted by the other party joining in the proposed contract as a whole, shall be effective if such agreement is concluded after occurrence of the ground for submission of a claim.

6.   An agreement on referring a dispute to the Court shall be effective where the Court nullifies the contract during arbitration hearing.

7.   Parties to an arbitration agreement shall not be entitled to withdraw from it unilaterally.

## II. ORGANIZATION AND ACTIVITIES

**Article 4.      Arbitrators of Court**
1.   Arbitrators of the Court may be physical persons with essential knowledge for resolution of disputes related to the competence of the Court and those included in the List of Arbitrators of the Court.

2.   The Arbitrator of the Court considering a dispute individually shall have a higher legal education. In case a dispute is subject to consideration by a panel of the Court, the Chairperson of the Court of Arbitration for Sports shall have a higher legal education.

3.   The disputing parties may select the Arbitrator for dispute resolution only from among the persons included in the List of Arbitrators of the Court of Arbitration for Sports.

4.   INO "Arbitration Chamber of Sports" shall adopt the List of Arbitrators of Court which specifies the full names of the Arbitrators, their employers, academic degrees, ranks and specialties.

**Article 5.       President and Vice-Presidents of Court.**
1.    The President and Vice-Presidents of Court shall be appointed by the decision of the Presidium of "Arbitration Chamber of Sports" for a term of 4 years.

2.    The President of Court, or in his/her absence, one of Vice-Presidents, shall organize activities of the Court and carry out other functions stipulated by the Rules.

**Article 6.       Presidium of Court.**
1.    The Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President and Vice-Presidents of the Court and the General Secretary of the Court shall be included in the Presidium of the Court by their positions. The Chairperson of the Presidium of Court is the Chairperson of the Presidium, INO "Arbitration Chamber of Sports".

2.    The Presidium of Court shall solve the issues that fall within its competence under the Bylaws, analyze the practice of hearing and settlement of cases by the Court and hear the issues of dissemination of information on the Court activities and international relations of the Court and other issues of the Court activities.

3.    The decision of the Presidium shall be made by a simple majority of votes when more than half of the Members of the Presidium participated in the voting. In case of a tie vote, the Chairperson of the Presidium of Court shall cast the deciding vote. Functions of the Secretary to the Presidium shall be carried out by the General Secretary of the Court.

**Article 7.       Court Secretariat**
1. The Secretariat of the Court shall carry out the functions needed for maintenance of the Court activities according to the Bylaws. The Secretariat of the Court shall be headed by the General Secretary of the Court appointed by the decision of the Presidium, INO "Arbitration Chamber of Sports".

2.    The General Secretary of the Court shall have a Deputy. The General Secretary of the Court shall distribute the duties among them and among other employees of the Court.

3.    The Secretariat of the Court shall be subject to the President of the Court when performing functions related to hearing of a case at the Court.

**Article 8.       Seat of Court and Venue of Its Session**
1.    The seat of the Court of Arbitration for Sports and the venue of hearings are in Moscow City.

2.    The panel of the Court shall be entitled to hold hearings of disputes in another place outside of Moscow within the Russian Federation or abroad, at the request of the parties or at its own initiative if it is required by the circumstances of the case or it will facilitate faster, more effective, qualified and cost-effective hearing for the parties. Additional expenses for holding a hearing of a case outside of Moscow City shall be born by parties.

**Article 9.       Language of Arbitration Hearing**
1.    An arbitration hearing shall be conducted in Russian.

2.    If a party does not speak the language in which the arbitration hearing is conducted, the Court shall provide the party with a translator/interpreter on the basis of a request of the party at his/her expense.

3. If any document is made in other language, than the language of arbitration hearing, and the translation of this document is not provided by the party submitting the document, the Court may order this party to provide the relevant translation.

**Article 10.    Term of Dispute Hearing by Court.**

1.    The Court shall take measures to hear disputes within the shortest possible period of time. The arbitration hearing of a certain case, except for the disputes specified in Paragraph 2 of Article 10 of the Bylaws, shall be completed within less than 60 days from the moment of filing of the claim to the Court.

**Article 11.    Submission of Documents at Court.**

All documents related to the initiation and conduct of arbitration hearing shall be submitted by the parties in triplicate unless otherwise determined by the General Secretary of the Court.

**Article 12.    Sending and Delivery of Documents.**

1.    The Secretariat of the Court shall ensure that all documents of case are sent to the parties at the addresses provided by the parties. Documents shall be sent to the last known addresses of the parties.

2.    Statements of claim, explanations on claims, decisions and definitions of the Court shall be sent by registered mail with an acknowledgment of receipt. Notices on date and venue of judicial session may be sent via telegraph with an acknowledgment of receipt.

3.    Other documents shall be sent via registered or ordinary mail, and be transmitted by fax, telegraph, teletype or e-mail.

4.    Any of the specified documents may be delivered to the parties in hand against acknowledgement in similar ways.

5.    Any written message or notice shall be deemed to be received if it is delivered to the party at his/her permanent address of residence or his/her postal address. When such addresses cannot be established by reasonable inquiries, the written message or notice shall be deemed to be received if it is sent to the last known address of residence or postal address of the party via registered mail or any other ways, provided that the attempt of delivery of this message or notice is registered.

6.    The message is deemed to be received on the day of the delivery carried out according to Paragraph 5 of this Article.

**Article 13.    Expenses Related to the Dispute Resolution at Court.**

1. The expenses related to dispute resolution at Court shall include:

• The arbitration fee to be used for payment of fees to Arbitrators and President of the Court, remuneration to the Secretariat, reimbursement of expenses for logistics of arbitration hearing;

• Additional expenses of the parties.

2. The amount of arbitration fee and composition of additional expenses of the parties related to arbitration hearing, and the procedures for their payment and allocation shall be established by the Rules of Arbitration Fee at Court which is an integral part of the Bylaws.

### III. PRINCIPLES OF ARBITRATION HEARING.

**Article 14.    Adversarial Nature and conclusiveness of The Parties to Arbitration Hearing.**

Hearing of disputes in Court shall be carried out on the basis of principles of dispositive motion and adversary procedure of the parties. Each party shall be obliged to prove those circumstances, which he/she refers to in substantiating his/her claims or objections.

**Article 15.    Independence and Impartiality of Arbitrators of Court.**
1. Arbitrators of Court shall be independent and impartial during performance of their duties. The arbitrator shall be subject to disqualification if he/she is directly or indirectly interested in the outcome of the case.

2. The Arbitrator of Court shall be obliged to notify the Court immediately of circumstances, which may cast grounded doubts over his/her impartiality and independence if such circumstances have arisen prior to the end of arbitration hearing.

**Article 16.    Equality of Parties.**
The resolution of dispute at the Court shall be carried out on the basis of equality of the parties. Either party shall be given equal opportunities to present their cases and protect their rights and interests.

**Article 17.    Confidentiality of Arbitration Hearing.**
1.  Arbitrators and employees of the Secretariat of the Court do not have the right to disclose the information that has become known to him/her during the arbitration hearing process without the consent of the parties to the arbitration hearing.

2.  The arbitration hearing shall be held in a closed judicial session, unless otherwise agreed by the parties.

3.  With the permission of the Court and the consent of the parties, persons who are not involved in the case may attend the closed judicial session.

**Article 18.    Assistance of Court to the Parties in Reaching a Peaceful Settlement.**

The Court shall assist the parties in settling their dispute by reaching a peaceful agreement provided that the peaceful agreement made by the parties shall not violate the rights and legitimate interests of other persons.

## IV. ARBITRATION HEARING.

**Article 19.    Presentation of Claim.**
1.   Processing at the Court shall begin with submission of the statement of claim.
The Claimant shall state his/her demands in his/her claim which is transferred or sent in writing to the Secretariat of the Court.

2.  Copies of the statement of claim, and documents attached to it may be sent by the Claimant to the Respondent or may be sent through the Secretariat of the Court. In case of transfer of documents to the Respondent through the Secretariat of the Court, the statement of claim and documents attached to it shall be provided by the Claimant in triplicate.

3.  Date of submission of the statement of claim shall be deemed to be the date of its delivery to the Court, and when sending it by mail – the date of stamp of the post office of the place of destination.

**Article 20.    The Contents of the Statement of Claim.**
1.   The statement of claim shall specify the following:
• Date of the statement of claim;
• · The names and locations of the organizations which are the parties to the arbitration hearing;

- Full names, dates and places of birth, and places of work of the individuals which are the parties to the arbitration hearing;
- Justification for the competence of the Court;
- Full name of the Arbitrator selected by the Claimant;
- Demands of the Claimant;
- Circumstances which provide the bases for the claims made by the Claimant;
- The evidence proving the demands of the Claimant;
- The value of the claim;
- Documents attached to the claim;

2.    The statement of claim shall be signed by the Claimant or his/her representative. If the statement of claim is signed by the representative of the Claimant, the power of attorney or other document certifying the powers of the representative shall be attached to the statement of claim.

3.    A copy of the document containing the agreement on referring the dispute to the Court for resolution, and a copy of the document confirming payment of arbitration fee shall be attached to the statement of claim.

**Article 21.    Elimination of Flaws in the Statement of Claim.**
1.    Having established that the statement of claim does not meet the requirements set by Article 20 of the Bylaws, the General Secretary of the Court the Claimant shall eliminate the revealed faults in the statement of claim within 7 days from the moment of receipt of such proposal. If the faults in the statement of claim are eliminated within the established period of time, the date of its initial receipt at the Court shall be deemed to be the date of submission of the statement of claim. Before elimination of the above-mentioned faults, the statement of claim shall be considered to be left without progress.

2.    In case the Claimant is not able to eliminate the revealed faults within the period of time specified in Paragraph 1 of Article 21 of the Bylaws, the Court shall make a decision to return the statement of claim.

**Article 22.    The Notice of the Respondent and Selection of the Arbitrator by Him/Her.**
1.    After receipt of the statement of claim, the General Secretary of the Court shall notify the Respondent of it, send him/her a copy of the statement of claim along with the attached documents if they were not sent to him/her by the Claimant, the list of the Arbitrators of the Court, and the Bylaws of the Court, and invite the Respondent to present his objections to the declared claim demands or to challenge the competence of Court.

2.    The Respondent within 15 days from the moment of receipt of such notice shall inform the full name of the Arbitrator selected by him/her or make a request that the Arbitrator is appointed by the Chairperson of the Presidium of the Arbitration Chamber of Sports, the Presidium of the Court or the President of Arbitration Chamber of Sports and send a written response to the statement of claim to the Claimant.

**Article 23.    Formation of Panel of Court.**
1.    According to the general rules, the Court shall hear a dispute in a panel of three Arbitrators, unless the parties agreed that the case shall be heard by an individual Arbitrator.

2.    In case the parties agreed that the case shall be heard by an individual Arbitrator, he shall be appointed by the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports".

3. Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports" shall have the right to establish the individual hearing procedure of a case, if the nature, volume and complexity of the arisen dispute do not require a panel hearing, and appoint the Arbitrator to hear a dispute individually.

4. In case of a panel hearing of a case, the Claimant selects the Arbitrator when he/she submits the statement of claim to the Court, and the Respondent according to the procedures and time specified in Article 22 of the Bylaws.

5. If the Respondent fails to select an Arbitrator within the period of time specified in Article 22 of the Bylaws, Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports" shall appoint the Arbitrator on behalf of the Respondent.

6. After the parties select and/or appoint two Arbitrators, the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports" shall appoint the Presiding Arbitrator of the panel. The Chairperson of the panel shall be appointed from among the persons included in the list of Arbitrators of the Court, and shall have a higher legal education.

7. Two or more Claimants or two or more respondents shall select one Arbitrator unless otherwise agreed by the parties. If the Claimants and Respondents can not reach an agreement on the Arbitrators, the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports" shall appoint the Arbitrators for the parties.

**Article 24.    The Grounds for Challenge of Arbitrator of Court, Expert, and Translator and Procedures for Challenge**

1. The Arbitrator of Court may be challenged in case of failure to meet the requirements stipulated in Article 4 of the Bylaws.

2. Either party has the right to challenge the Arbitrator, Chairperson of the panel, individual Arbitrator, and all members of the panel, if there are doubts over their impartiality and independence, and he appears to have a personal interest in the outcome of the case directly or indirectly. The Arbitrator, Chairperson of Panel or the individual Arbitrator may also recuse themselves in the above-mentioned circumstances.

3. The declaration of challenge shall be made prior to the beginning of hearing. Such challenge made later shall be considered only if the Panel of the Court recognizes the reason for the delay of challenge as valid.

4. The issue of challenge of the Chairperson of the Panel of Court or the Arbitrator shall be decided by other Arbitrators of Panel of Court during the arbitration hearing by a majority of votes. In case of a tie between yes and no votes, the Arbitrator shall be deemed to be disqualified.

5. Issues related to the challenge of an Arbitrator, who is hearing the case individually, and the challenge of all members of the Panel of the Court, shall be decided by the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports".

6. The request for challenge of an Arbitrator may not be submitted repeatedly on the same grounds by the same party.

7.  Experts and translators may be disqualified on the same grounds specified in Paragraph 2 of this Article. In this case, the issue of challenge shall be decided by the Panel of the Court.

**Article 25.    The Termination of Power of the Arbitrator of Court.**
1.  The power of the Arbitrator of Court may be terminated in connection with his/her recusal as an Arbitrator or challenge of the Arbitrator on the grounds stipulated by Article 24 of the Bylaws.

2.  The grounds for the termination of powers of the Arbitrator of Court according to the agreement between the parties, and for refusal of the Arbitrator are the legal incapacity of the Arbitrator to participate in hearing of the dispute, and other reasons for which the Arbitrator does not participate in hearing of the dispute for an unreasonably long term.

3.  If the Chairperson of the Panel of Court, the Arbitrator or the individual Arbitrator cannot participate in hearing of a case or in case of the termination of powers of the Arbitrator, other Chairperson of the Panel of Court, the Arbitrator or the individual Arbitrator shall be appointed by the Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports". In case of necessity and in consideration of opinions of the parties, the Panel of Court may reconsider issues which were already heard at the previous sessions of the case, held before replacement.

**Article 26.    Preparation for Case Hearing.**
1.  The Chairperson of the Panel of Court or the Individual Arbitrator shall check the status of preparation of a case for hearing and if it is deemed necessary, take additional measures of preparation of a case, in particular, shall demand from the parties written explanations, evidence and other additional documents. If the Court takes additional measures on preparation of a case, it may establish the term within which these additional requirements shall be satisfied.

2.  The Chairperson of the Panel of Court or the Arbitrator may give the General Secretary of the Court special orders in connection with the preparation and conduct of case hearing.

3.  Preparation of a case for proceeding shall be completed on time, not exceeding 14 days from the moment of formation of the Panel of Court.

4.  After recognizing the completion of the preparation of a case, the Chairperson of the Panel of Court shall render a decision on assignment of the case to the Court hearing.

**Article 27.    Powers of Court to Order Provisional Measures**
1.  The Court may at the request of any party order any party to take any provisional measures concerning the subject-matter of the dispute which it considers necessary. It may demand from any party to provide the relevant support in connection with such measures.

2.  The Chairperson of the Presidium, INO "Arbitration Chamber of Sports", the President of Court or Presidium, INO "Arbitration Chamber of Sports" shall render a determination on taking provisional measures.

3.  In case when the party applies to the competent court with the request for satisfaction of the claim submitted to the Court or heard at the Court, and/or rendering by the competent court of a determination about satisfaction of this claim or rejection to satisfy the claim, the party shall notify the Court of it immediately.

**Article 28.    Participation of the Parties in Court Session.**
1.  The parties may bring their cases in the Court directly or through duly authorized representatives appointed by the parties at their own discretion.

2. Failure to present by the party documents or other materials, and absence of the parties or their representatives who were duly notified of time and venue of the arbitration session, shall not constitute an obstacle for arbitration hearing and decision-making by the Court unless the absent party does not ask to adjourn the hearing before the end of hearing for a valid reason.

3. Failure to present objections to the claims by the Respondent shall not be considered to be recognition of claims of the Claimant.

4. The party may ask for hearing of case in his/her absence.

### Article 29.    Counterclaims.

1. Within the period of time specified in Paragraph 2 of Article 22 of the Bylaws, the Respondent shall have the right to present the counterclaim arisen from same legal relations, provided that there is a connection between the counterclaim and claims of the Claimant.
If due to unreasonable delay in presenting the counterclaim by the Respondent, the arbitration hearing is delayed, the reimbursement of additional expenses of the Court and other party caused by this delay may be charged to the respondent.

The Panel of Court may consider the presentation of the counterclaim as inexpedient in view of the allowed delay.

2. The counterclaim shall meet the same requirements as for the initial claim.

### Article 30.    Evidence.

1. The parties shall prove those circumstances to which they refer as the basis for their claims or objections. The Panel of Court shall have the right to demand the parties to present supplementary evidence in order to provide the grounds for their requirements or objections. He/she shall have the right to ask at his/her own discretion presentation of evidence by the third parties, to call and hear witnesses.

2. The parties shall present written evidence in original or in copies of originals certified by them. If necessary the Court shall have the right to request the parties to provide original documents.

3. Verification of evidence shall be carried out in the manner established by the Panel of Court.

4. The evaluation of evidence shall be carried out by Arbitrators according to their moral certainty based on thorough, full and objective examination of evidence contained in the case.

### Article 31.    Participation of the Third Parties.

The participation of the third parties in the arbitration hearing shall be allowed only with the consents of the disputing parties. In calling the third party to hearing, not only the consent of the parties, but also the consent of the person involved shall be required. The request for calling the third party shall be allowed only until the expiry of the term specified in Paragraph 2 of Article 22 of the Bylaws. The consent for calling the third party shall be expressed in writing.

### Article 32.    Assignment of Expert.

1. The Court may appoint an expert to clarify the issues arising during the resolution of dispute, and demanding special knowledge, and to demand any of the parties to present documents, other materials or things necessary for examination.

2. If the expert's examination is carried out according to the request of one of the parties, the costs for the expert's examination shall be born by the party who made such request for expert's examination.

## V. Decision of Court.

### Article 33.    Binding Decision of Court.

1. The parties who concluded an arbitration agreement shall assume liability to implement the decision of the Court voluntarily.

2. Decision made by the Court within the limits of its competence excludes an opportunity to make a claim for the same subject-matter and on the same grounds to an arbitration court of a general jurisdiction.

### Article 34.    Decision-Making by Court.

1. The court shall make a decision in writing and specify the grounds on which this decision is based.

2. The resolution part of the decision shall be read out by the Court orally. Within 10 days from the date when it is made, the grounded decision shall be delivered to the parties in writing.

3. The Panel of Court, in the end of oral hearing, may decide that the decision of Court without oral announcement of its resolution part will be delivered to the parties within a period of time not exceeding 14 days.

4. The Panel of Court may hold an additional hearing if it is needed to ensure the correct resolution of the dispute and the resolution part of the decision has not been declared yet to the parties.

5. Date of decision-making by the Court shall be considered to be the date of finalization of the decision.

### Article 35.    Settlement of Dispute Through a Peaceful Agreement

1. A peaceful agreement may be reached by the parties at any stage of the arbitration hearing.

2. At the request of the parties, the Court may make a determination on endorsing the written peaceful agreement.

### Article 36.    Addition, Explanation and Correction of the Decision.

1. Having notified other party, any of the parties may, within 10 days after receipt of the decision, apply to the Court with a request for an additional decision concerning the demands which have been claimed during the arbitration hearing, but have not been reflected in the decision.

The said request shall be considered by the Panel of the Court which resolved the dispute within 10 days after receiving it. As a result of consideration of the request, either an additional decision or determination on refusal to satisfy the request for an additional decision shall be made.

2. Having notified the other party, any of the parties may, within 10 days after receipt of the decision, apply to the Court with a request for an explanation of the decision.

The said request shall be considered by the Panel of the Court, which resolved the dispute, within 10 days after receiving it.

3. Errors, typos and arithmetic errors in the text of the decision, which do not affect the essence of the case, may be corrected by a determination of the Court at the request of any of the parties or at the initiative of the Court.

4. The additional decision, determination on an explanation of the decision or determination on correction of errors, typos and arithmetic mistakes shall be components of the decision.

**Article 37.    Determination of Court.**
With regards to the matters which do not affect the essence of dispute, the Court issues determinations.

**Article 38.    Adjournment of Hearing and Stay in Processing.**
If necessary, according to the requests of the parties or the initiative of the Court, hearing of a case may be postponed or suspended, and determinations shall be issued on it.

**Article 39.    Termination of Arbitration Hearing.**
1. The Court shall issue a determination about the termination of an arbitration hearing, if:
• The Claimant withdraws his claims unless the Respondent declares an objection to the termination of arbitration hearing because he has legitimate interests in the resolution of the dispute by the subject matter;
• The parties have reached an agreement on the termination of arbitration hearing;
• The court has issued a determination on lack of competence to consider the dispute referred to it for resolution;
• The organization which is a party of arbitration hearing is liquidated;
• The physical person or the citizen - businessman, who is a party of arbitration trial, has died or been declared to be dead or be missing without trace;
• There is a decision of the court of general jurisdiction, arbitration court or the Court which entered into force and made on dispute between the same parties, on the same subject-matter and on the same grounds;
• Lack of conditions necessary for consideration and resolution of the case in essence, including a case where due to inaction of the Claimant, the case was on hold for more than three months;

2. Articles 33, 34 and 36 of the Bylaws are applied to the determination on the termination of arbitration hearing accordingly.

**Article 40.    The Minutes of Session of Court.**
1. Unless otherwise agreed by the parties, the course of session shall be recorded.

2. The minutes shall contain: the name of Court, file number, venue of session, the names of the disputing parties and their representatives, attendance of the parties, surnames of Arbitrators, presenter, experts, witnesses, translators and other participants of session, the brief description of the course of session, the claims of the parties and statements of other important requests of the parties, the indication of the grounds of adjournment of session or termination of processing, and the signatures of Arbitrators.

3. The parties shall have the right to study the contents of the minutes.

**Article 41.    Publishing of Decisions.**
With the permission of the Presidium of the Arbitration Chamber of Sports, the Court decisions shall be published as a separate collection or in periodicals.

**Article 42.    Storage of Files.**

The case heard by the Court shall be kept at this court for 5 years from the date of decision.

## VI. ENFORCEMENT OF THE DECISION OF COURT.

**Article 43. The Procedures of Enforcement of the Decision of Court.**

1. The decision of Court shall be final and be implemented voluntarily according to procedures and terms established in the decision.

2. If the term of execution is not established, it is subject to immediate enforcement. The decision of the Court which has been not executed voluntarily in the specified term shall be enforced according to the Law.

